**Henry C. JONES and Virgie Jones, Plaintiffs-Appellees,**

v.

**Celessie JONES, also known as Celeste Jones, Defendant-Appellant.**

**No. 11231.**

United States Court of Appeals Seventh Circuit.

Dec. 6, 1954.

John A. Hyde, Richard J. Deutsch, Marshall J. Schwarzbach, Chicago, Ill., for appellant.

Richard K. Cooper, Radcliffe O. Woolford, Chicago, Ill., for appellees.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

MAJOR, Circuit Judge.

On April 14, 1953, plaintiffs commenced an action against the defendant, pursuant to Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895, to recover treble damages for rent overcharges. As shown by the sworn return of a Deputy Marshal, service of process was effected on the defendant in the following manner: "Served this writ together with copy of complaint on the within named Celessie Jones, a/k/a Celeste Jones, by leaving copies thereof for her at 851 East 63rd Place, Chicago, Illinois, her usual place of abode, with her daughter,

an adult member of her family, and at the same time informed her of the contents thereof, this 27th day of April, A.D. 1953." No answer, appearance or other responsive pleading was filed by the defendant within the prescribed time and, on June 30, 1953, judgment by default was entered against her.

On December 18, 1953, defendant, under Rule 60(b) (4) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,[1] moved the court in which the default judgment had been entered to vacate and set aside the same on the ground that she had not been served with process and as a consequence the default judgment was a nullity. In support of said motion, she filed three affidavits, one by herself, and one by each of her daughters, Minnie Pearl and Lorraine. In her own affidavit she set forth the return of service of summons as made by the Deputy Marshal and alleged, "The said return of service of summons is false and erroneous in that Defendant was not served with a copy of the summons and complaint in this case, nor was her daughter or anyone else residing in her usual place of abode served with said copies at the time and place therein stated or any time or place." The affidavits by the two daughters are exactly the same, except one stated that she was 17 years of age and the other that she was 15 years of age. Each alleged that the service of summons was false and erroneous and that the affiant was not served with a copy of the summons and complaint. Each recited that the affiant was absent from the premises designated in the Marshal's return from 7:30 a. m. until midnight on April 27, 1953 (the date the summons was served, as shown by the Marshal's return).

Plaintiffs, in opposition to said motion, filed affidavits by their lawyers, Cooper and Woolford. The former alleged that on about the 28th day of April, 1953, "he received a telephone call from one who identified herself as, Celeste Jones; she told this affiant that she had received some papers from the United States Marshal and that she wondered what this affiant had to do with having such papers served upon her; that she had not charged the tenants in her building more than was fair and that they got a 'good deal'; that further they had moved away and that the case ought to be dropped." The affiant further stated that defendant later called him on two or three occasions and discussed matters relative to the case. The affidavit of Woolford corroborated that of Cooper in that it stated that on a separate telephone he heard the conversation between Cooper and the defendant.

On this state of the record rather extensive briefs were filed by each of the parties, and the question for decision was submitted to the court. On May 14, 1954, the court entered its order denying the relief sought by defendant's motion. From this order of denial the appeal comes to this court.

Numerous cases support the view that a motion to vacate a judgment under Rule 60(b) is addressed to the sound legal discretion of the court and that its determination will not be disturbed upon appeal except for an abuse of discretion. Elgin Nat. Watch Co. v. Barrett, 5 Cir., 213 F.2d 776, 780; Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d 983, 988; Western Union Telegraph Co. v. Dismang, 10 Cir., 106 F.2d 362, 364, and Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134, 135. Defendant concedes this general rule but insists that the court abused its discretion because of its failure to hear testimony for the purpose of resolving the conflict between the parties as to the factual situation. A sufficient answer to

1. Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reason: * * * (4) the judgment is void". (Rule 55(c) provides that default judgments may be "set * * * aside in accordance with Rule 60(b).")

that contention is that no request was made for the privilege of offering oral testimony; in fact, complaint that such testimony was not heard is made for the first time in this court. The question for decision was submitted to the court upon briefs of the parties, without as much as a suggestion that there were any witnesses other than those who had made affidavits or that there was any evidence available other than that contained in the affidavits and the return of the Marshal which would or might aid in a solution of the issue. It is plain that the argument now advanced, that the court abused its discretion by failing to hear testimony, is an afterthought. We think the court was justified in disposing of the question on the basis of its presentment, that is, on the affidavits submitted by the respective parties in connection with the return of the Marshal, and this is so notwithstanding that the affidavits on both sides are far from satisfactory.

Defendant's affidavits evidently were submitted for the purpose of refuting the Marshal's return that process was served by leaving copies "with her [defendant's] daughter, an adult member of her family." Defendant's affidavits appear to have been cleverly drawn, so much so that they create a suspicion that an effort was made to conceal rather than reveal. Defendant in her own affidavit did not state that she had no adult daughter in her family and did not state how many daughters she had. One of the daughters stated in her affidavit that she was "the elder daughter of the two daughters," and the other daughter stated that she was "the younger daughter of the two daughters." This, to say the least, is an awkward and uncertain manner of attempting to refute the Marshal's statement that summons was left with an adult daughter. Particularly is this so when it would have been so easy for affiants to have made a direct statement, if true, that there was no adult daughter in the family.

On the other hand, it is urged that the statements contained in plaintiffs' affidavits were without evidentiary value in the absence of a showing that the affiants were familiar with defendant's voice. We agree that this evidence, if it had been offered on a hearing, would have been inadmissible over objection. See United States v. Bucur, 7 Cir., 194 F.2d 297, 303–304. And it appears that evidence offered by affidavit should be likewise tested. See Rule 43(a) of the Federal Rules of Civil Procedure. However, the contents of the affidavits were not challenged by the defendant by motion to strike, by answer or in any other manner. As already noted, defendant acquiesced in their submission to the court for consideration in connection with the issue for decision. If such testimony had been received without objection in a hearing before the court, we know of no reason why it could not have been considered for whatever evidentiary value the court might think it possessed. Certainly its admission under such circumstances would furnish no basis for complaint in a reviewing court. And by the same token we think the court under the circumstances was entitled to consider the statements contained in plaintiffs' affidavits. Furthermore, no question having been raised as to the propriety of the affidavits in the District Court, it is too late to do so here.

Thus, the court had before it the Marshal's return showing service upon the defendant in the manner stated, fortified by evidence that she had actual notice of the nature of the action which had been instituted against her. The burden was upon the defendant to show that the judgment was void for lack of service and that she had no actual notice of the suit. This we think the defendant failed to do. In any event, we cannot hold that the court abused its discretion in denying defendant's motion.

The order appealed from is

Affirmed.