Auguste PARKER, Plaintiff-Appellee,

v.

CHECKER TAXI COMPANY, Inc., a Corporation, Defendant-Appellee,

and

Field Enterprises, Inc., a Corporation, Defendant-Appellant.

No. 11691.

United States Court of Appeals
Seventh Circuit.

Nov. 19, 1956.

Rehearing Denied Dec. 26, 1956.

Donald John Tufts, Chicago, Ill., B. S. Quigley, Chicago, Ill., for appellant.

John C. McKenzie, Chicago, Ill., Helmut A. Fydrych, Chicago, Ill., for appellee.

Before LINDLEY and SWAIM, Circuit Judges, and WHAM, District Judge.

WHAM, District Judge.

This appeal arises out of an action filed by plaintiff-appellee, Auguste Parker, hereinafter called "Parker", against defendant-appellee, Checker Taxi Company, Inc., hereinafter called "Checker", and defendant-appellant Field Enterprises, Inc., hereinafter called "Field", seeking damages for bodily injuries sustained while riding as a fare-paying passenger in a taxicab owned and operated by Checker in a collision between said taxicab and a motor vehicle owned and operated by Field. The complaint charged each defendant with negligence in the operation of its vehicle proximately causing said collision and resulting injuries. Each defendant filed an answer denying fault or negligence and a cross or counterclaim seeking damages from its co-defendant for injuries done to its vehicle in the collision.

The case was tried to a jury. The verdict found both defendants liable to plaintiff for damages in the amount of $10,000; also found each defendant not liable to the other for damage to its vehicle. Judgment was entered on the verdict on October 10, 1955. Motions for a new trial by Field and for judgment notwithstanding the verdict by Checker were duly filed and, after hearing, denied on December 5, 1955. On January 4, 1956 Field filed a petition signed by its attorneys and verified by one of them on information and belief only, requesting the trial court on the basis of the allegations in the petition to vacate and set aside the verdict and the judgment against Field and to grant Field a new trial. This petition, after arguments heard, was denied by the trial court on the 9th day of January, 1956. On January 10, 1956 Field filed its notice of appeal. The appeal was (1) from the final judgment entered on October 10, 1955, (2) from the order entered on December 5, 1955 denying defendant Field's motion for new trial, and (3) from the order entered on January 9, 1956 denying defendant Field's petition to open, vacate and set aside the judgment entered on December 5, 1955 and for a new trial.

On motion of Parker duly supported by excerpts from the record, this court on April 24, 1956 entered an order herein as follows:

"It is ordered and adjudged by this Court that such portions of this appeal of Field Enterprises, Inc., as are predicated upon (1) the Appeal from the Final Judgment entered in this cause on October 10, 1955 and (2) the appeal from the Order entered on December 5, 1955 denying Motion of Defendant-Appellant for a new trial, be and the same is hereby DISMISSED with costs, because not timely taken. (Rule 73(a); F.R.C.P." [28 U.S.C.A.])

Thus, the appeal now before this court is based solely on the denial by the trial court of the relief sought in the petition filed by Field with the trial court on January 4, 1956.

The substance of said petition was that about the time the original complaint was filed Parker entered into an agreement with Checker whereby Parker would name Checker a party defendant but would not execute any judgment against Checker if obtained; that in return for this agreement Checker promised to make its file available to Parker; that the agreement was in effect at the time of trial; that its existence had not been disclosed and was not then known to the court, to the jury, or to Field; that the effect of said unknown agreement was to place before the court and jury a moot question and to deny Field a fair and impartial trial in that the only question actually placed before court and jury was the liability of Field; that during the trial Checker did permit Parker to have use of its file in the prosecution of the suit and permitted its employee to be called on behalf of Parker as an adverse witness under "Section 60 of the Illinois Civil Practice Act". (The trial being in the federal court we assume the petitioner meant to cite Rule 43(b), Federal Rules of Civil Procedure, 28 U.S.C.A., instead of Section 60 of the Illinois Civil Practice Act.) The petition further stated that Field knew nothing of the secret agreement until after the denial of Field's motion for a new trial on December 5, 1955; that the agreement was revealed to Field later and a demand was made upon Field by Parker to pay the full amount of the judgment. The petition was signed by Field's attorneys and verified by one of them. The verification read: "That the things and matters set out in this Petition are true according to his information and belief."

It is the contention of Field that the agreement as set out in the petition, kept secret from court, jury and Field, operated as a fraud upon the court, the jury and Field to the prejudice of Field so as to give the trial court the right and to impose upon it as a duty in the exercise of a sound judicial discretion to vacate and set aside the judgment entered in favor of Parker against Field and to grant a new trial. This contention Parker disputes.

Neither party to this appeal questions the inherent right and power of the court in exercise of a sound judicial discretion to vacate a judgment obtained through fraud or connivance and thereupon to grant a new trial. Nor is it denied that the court's failure under proper facts and circumstances adequately proved to vacate the judgment under attack for fraud and to grant a new trial would constitute such abuse of its discretion as to be reversible error. The court's discretion is not an arbitrary one to be capriciously exercised but a sound, legal discretion guided by accepted legal principles. Assmann v. Fleming, 8 Cir., 159 F.2d 332; Illinois Printing Co. v. Electric Shovel Coal Corporation, D.C., 20 F.Supp. 181; Jones v. Jones, 7 Cir., 217 F.2d 239; Independence Lead Mines Company v. Kingsbury, 9 Cir., 175 F.2d 983; Hines v. Muirheid, 346 Ill.App. 302, 104 N.E.2d 838.

The inherent right of the court to vacate a judgment for fraud, as stated above, is strengthened by Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that on motion the court may relieve a party from a final judgment or order for fraud, misrepresentation, or other misconduct of an adverse party.

Referring to the foregoing rule in its opinion in Jones v. Jones, supra, this court said, 217 F.2d at page 241:

> "Numerous cases support the view that a motion to vacate a judgment under Rule 60(b) is addressed to the sound legal discretion of the court and that its determination will not be disturbed upon appeal except for an abuse of discretion." (Citing authorities.)

The burden of proving fraud or connivance in the procurement of a judgment justifying relief under the rule

is on the applicant for an order vacating the judgment and granting a new trial. Assmann v. Fleming, supra.

Applying here the foregoing principles, did the trial court exercise a sound judicial discretion when, after hearing counsel for the parties relating to the petition filed on January 4, 1956, it entered an order denying the petition? The burden of proof being upon the appellant, to show fraud or connivance in the procurement of the judgment in question which would justify the relief sought, was the petition in and of itself sufficient to meet this burden?

The court had nothing before it except the record in the case and the bare petition made on behalf of Field by its attorneys and verified by one of them on information and belief. The record fails to show any additional proof offered by Field prior to or at the time of the hearing.

■■ As we look at the contents of the petition in the light of the verdict of the jury whereby both Checker and Field were found guilty and liable alike, we see nothing other than the conclusions of the affiants that could justify a finding by the court that the alleged agreement between Parker and Checker in any way influenced or affected the outcome of the case. Nothing appears in the petition except the conclusions of the affiants that warranted a finding by the court that Field was prejudiced in the trial by the alleged agreement or that the evidence would have been different in its absence. The conclusions of affiants were not evidence. The case presented by the petition was peculiarly within the discretion of the trial court. In Independence Lead Mines Company v. Kingsbury, supra, 175 F.2d at page 988, the court used language that is applicable here when it said:

"It must be remembered that a petition to vacate a judgment is addressed to the sound legal discretion of the trial court, and its determination will not be disturbed except for abuse of discretion. [Citing authorities.] Particularly is this true in this instance, where the experienced judge passing on the petition had presided in the litigation in which the judgment was entered, and it is claimed that fraud was practiced upon the court. Certainly we are not able to say that the court's ruling adverse to the petition was wrong."

■ We cannot say from the record before us here that the district court did not exercise a sound legal discretion when it denied appellant's petition.

The order of the district court is affirmed.

■ On July 20, 1956, during the pendency of this appeal Parker filed herein a motion for assessment of damages against Field in the sum of $1,-000.00 under the provisions of Rule 26 of this court on the ground that Field's appeal had been sued out merely for delay, with a request that the motion be considered with Field's appeal. Rule 26 provides that "In all cases where an appeal delays proceedings on the judgment of the lower court and the court finds that the appeal has been sued out merely for delay, damages at a rate not exceeding ten per cent, in addition to interest, may be awarded upon the amount of money judgment * * *." Upon such consideration we are unable to say that Field's appeal was frivolous or taken merely for delay. The appeal was taken immediately after the order appealed from was entered and the prosecution of the appeal has been zealous and in apparent good faith. The briefs and arguments, written and oral, on behalf of appellant were well prepared and earnestly presented. A supersedeas bond in adequate amount, conditioned to pay the entire judgment with accrued interest and costs in the event appellant failed to prosecute the appeal faithfully and successfully was filed by appellant. After consideration we are not convinced that the appeal was sued out merely for delay.

The motion for damages under Rule 26 is denied.