270 F.2d 891
 SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
FARM AND HOME AGENCY, INC., an Indiana corporation, Philip H. Meade, Chester R. Koza, E. Bernie Shelton and W. Harold Hilbert, Defendants-Appellants.
 No. 12602.
 United States Court of Appeals Seventh Circuit.
 October 7, 1959.
 Rehearing Denied November 10, 1959.
 
 Luis Kutner, Chicago, Ill., Joseph M. Shannon, Indianapolis, Ind. (John M. Bowlus, Chicago, Ill., of counsel), for appellants.
 Thomas G. Meeker, Gen. Counsel, David Ferber, Asst. Gen. Counsel, Theodore Zimmerman, Atty., S.E.C., Alexandria, Va., Thomas B. Hart, Regional Adm'r, John I. Mayer, Asst. Regional Adm'r, John J. Enright, Atty., S.E.C., Chicago, Ill., for appellee.
 Before MAJOR, SCHNACKENBERG and CASTLE, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 On April 16, 1958, a final judgment enjoining Farm and Home Agency, Inc., an Indiana corporation, Philip H. Meade, Chester R. Koza, E. Bernie Shelton and W. Harold Hilbert, herein referred to as defendants, from violating sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C.A. § 77e(a) and (c), was entered by consent in the district court. The judgment was based upon a complaint filed by the Securities and Exchange Commission, plaintiff, alleging that defendants had engaged in acts and practices which constituted violations of said sections, which proscribe using the mails and means and instruments of transportation and communication in interstate commerce of unregistered securities, and which complaint sought to enjoin those alleged violations. The securities involved were the common capital stock of Farm and Home Agency, Inc.
 
 
 2
 On November 24, 1958, defendants asked leave to file a motion to vacate the consent judgment. That motion, with an accompanying brief, appears in the record.
 
 
 3
 On December 1, 1958, defendants filed a motion for a restraining order seeking to enjoin the Securities and Exchange Commission or persons in active concert with it, from investigating, prosecuting, or presenting any evidence to a grand jury pertaining to "alleged violations" of section 5 of the Securities Act "or any other matters or things set forth in the consent decree of April 16, 1958."
 
 
 4
 After consideration of briefs and oral argument, the district court on January 12, 1959, entered the following order, from which this appeal was taken:
 
 
 5
 "The defendants' motion for restraining order and motion for leave to file instanter the motion to vacate and set aside the decree of permanent injunction entered April 16, 1958 and in support thereof, file their brief herewith, being submitted for the consideration of the Court, and the Court being duly advised, now denies each of said motions."
 
 
 6
 Relying upon rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., Rule 60(b), defendants contend that the judgment of April 16, 1958 was void in that the district court had no jurisdiction over either the parties to the judgment or the subject matter. They also charge that the decree was entered by virtue of a mistake of law and fact by the parties to the action "because the defendants adopted the legal advice of their counsel which coincided with the jurisdictional assertions of the plaintiff", and because "the defendants and each of them were incorrectly advised as to their legal rights in the premises"; and "that all of the defendants were and are engaged in the business of insurance and were, therefore, under the supervision of the Department of Insurance of Indiana".
 
 
 7
 It is apparent that, as the time to appeal has expired, defendants are asking us to review a decree enjoining them from violating the Securities Act, to the entry of which they fully consented while represented by counsel. § 22(a) of the Securities Act[1] grants to district courts of the United States jurisdiction of "offenses and violations" under the Securities Act, 15 U.S.C.A. § 77v(a). There is, therefore, no question that the court below had jurisdiction to enter the consent judgment. We cannot review alleged error in this proceeding. No appeal was taken. Numerous cases support the view that a motion to vacate a judgment under Rule 60(b) is addressed to the sound legal discretion of the court and that its determination will not be disturbed upon appeal except for an abuse of discretion. Elgin Nat. Watch Co. v. Barrett, 5 Cir., 213 F.2d 776, 780; Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d 983, 988; Western Union Telegraph Co. v. Dismang, 10 Cir., 106 F.2d 362, 364; Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134, 135; and Jones v. Jones, 7 Cir., 217 F.2d 239, 241.
 
 
 8
 The relief sought by the restraining order is ancillary to defendants' motion to vacate the consent decree, and, therefore, the right to such restraining order falls when we affirm the district court's order denying defendants' motion to file a motion to vacate the consent decree.
 
 
 9
 For the reasons herein set forth, the order of the district court is affirmed.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 15 U.S.C.A. § 77v(a)