Prentiss **DOUGLASS**, Trustee in Bankruptcy of the Commercial Plumbing & Heating Company, Inc., Plaintiff-Appellee.

v.

**Carrie D. PUGH**, Defendant-Appellant.

No. 14291.

United States Court of Appeals
Sixth Circuit.

March 6, 1961.

Before MILLER and O'SULLIVAN, Circuit Judges, and THORNTON, District Judge.

PER CURIAM.

The defendant-appellant, a widow and the bookkeeper of the Commercial Plumbing & Heating Company, Inc., at the instance of the president of the company borrowed $8,850.70 from a local bank on August 30, 1957, and executed her personal note to the bank therefor, due and payable in fifteen days. On the same date the proceeds of the note were turned over to the company, which executed its note to the defendant in the same amount. The proceeds were used by the company to meet the payroll and current expenses of the company. Payments were made to the defendant by the company in satisfaction of its note to the defendant on September 11, 13, and 14, 1957, which payments were immediately applied by the defendant in satisfaction of her personal note to the bank. An involuntary petition in bankruptcy was filed against the Commercial Plumbing & Heating Company, Inc., on September 19, 1957, and it was adjudicated a bankrupt on September 30, 1957.

The plaintiff-appellee, Trustee in Bankruptcy of the Commercial Plumbing & Heating Company, Inc., brought this action to have set aside as a preference $8,850.00 paid by the bankrupt to the defendant-appellant within four months before the filing of the petition in bankruptcy. Section 60, Bankruptcy Act, Section 96, Title 11 U.S.C.A.

The District Judge held the payment to be a voidable preference and on October 23, 1959, entered judgment for the Trustee against the defendant in the amount of $8,850.00.

On April 13, 1960, defendant moved the Court under the provisions of Rule 60(b) (1) (2) and (6), 28 U.S.C.A., to set aside the judgment and to hear additional proof.

In her answer to the complaint, defendant had alleged that the Commercial Plumbing & Heating Company, Inc., at the time the defendant loaned the money

---

Robin Griffin, Lexington, Ky. (James M. Marks, Miller, Griffin, Marks & Stephens, Lexington, Ky., on the brief), for plaintiff-appellee.

Robert F. Houlihan, Lexington, Ky., and Charles E. Palmer, Jr., Lexington, Ky., (Stoll, Keenon & Park, Lexington, Ky., Paul H. Mansfield, Lexington, Ky., on the brief), for defendant-appellant.

to it, had assigned to her as security for the loan funds coming to the company under its contract with its general contractor, Fox & Lewis, estimated at $8,850.70. This security proved to be worthless when it later developed that the estimate was incorrect and no payments were due the bankrupt under this account. In support of her motion to set aside the judgment, defendant claimed that her loan to the bankrupt was secured not only by the assignment of the Fox & Lewis account but also by a verbal assignment of all the accounts receivable of the bankrupt, that through inadvertence this fact was not fully brought out in the trial, and that actually she was a secured creditor rather than a preferred creditor. Affidavits of the defendant and the president of the bankrupt were filed in support of the motion. The books and records of the bankrupt did not disclose any such assignment. The note of the bankrupt to the appellant did not show any such assignment as security therefor. The note executed by the defendant to the local bank carried the following notation on its face: "Assignment of Accounts Fox & Lewis Contractors for $8,850.70."

On June 3, 1960, the District Judge denied the motion. This appeal followed.

■ It is settled law that the granting of a motion to set aside a judgment under the provisions of Rule 60(b) (1) (2) and (6) is a matter addressed to the sound discretion of the trial judge, whose ruling will not be reversed except for abuse of discretion on his part. Securities & Exchange Commission v. Farm & Home Agency, Inc., 7 Cir., 270 F.2d 891, 892, certiorari denied, 362 U.S. 903, 80 S.Ct. 612, 4 L.Ed.2d 555; Independence Lead Mines Co. v. Kingsbury, 9 Cir., 175 F.2d 983, 988, certiorari denied 338 U.S. 900, 70 S.Ct. 249, 94 L.Ed. 554; Fischer v. Dover Steamship Co., 2 Cir., 218 F.2d 682, 683. See also: Patterson v. National Life & Accident Ins. Co., 6 Cir., 183 F.2d 745, 747–748; L. M. Leathers' Sons v. Goldman Mfg. Co., 6 Cir., 252 F.2d 188, 190.

■ In our opinion, the ruling of the District Court is supported by the evidence and is clearly not an abuse of discretion.

The circumstances of this case disclose a severe hardship upon the appellant resulting from an unexpected turn of events, which, if anticipated, could probably have been avoided. However, the sympathetic appeal which it presents to the Court cannot be made the basis of a different ruling, which is substantially the only argument urged upon us by counsel for appellant.

The judgment is affirmed.