**Lee E. LANE, Plaintiff-Appellant,**

v.

**SWINGSPOUT MEASURE CO., a corporation, The Trell Company, Thomas F. Lannin, Lannin Sales Company, Defendants-Appellees.**

**No. 14658.**

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1964.

Paul H. Gallagher, Lee C. Korbakes, Chicago, Ill., for appellant.

Roscoe C. Nash, John B. Kemp, Chicago, Ill., for appellees.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff commenced this suit to recover damages for alleged violation of federal anti-trust laws as well as for alleged breach of certain agreements between plaintiff and one of the defendants.

Defendants filed a motion for summary judgment which the District Court granted, and judgment was entered dismissing the complaint. Within thirty days thereof, plaintiff filed a notice of appeal to this Court. Thereafter, plaintiff obtained extensions of time to docket the appeal and to file the record on appeal in this Court. This extension of time would have expired on December 12, 1963.

Approximately twenty days prior to December 12, 1963, plaintiff presented a motion to the District Court for leave to withdraw his appeal, and on November 21, 1963, the District Court granted plaintiff's motion to withdraw the appeal, and it was so ordered.

On December 30, 1963, plaintiff presented a motion to the District Court under Rule 60, Federal Rules of Civil Procedure, seeking a vacation of the order of November 21, 1963, which order had permitted the withdrawal of the appeal. On March 4, 1964, an order was entered by the District Court denying plaintiff's motion to vacate and set aside the order of November 21, 1963. It is from the order of March 4, 1964 that this appeal is taken.

Rule 60(b) provides in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *".

Plaintiff here argues that the order which allowed the withdrawal of his appeal to this Court was the result of mistake and inadvertence on the part of plaintiff's counsel in reaching the erroneous conclusion that the legal authorities and judicial precedents upon which counsel had relied in his brief filed in opposition to the motion for summary judgment, would probably be insufficient upon which to predicate a successful appeal.

We have consistently held that a motion to vacate a judgment under Rule 60(b), Federal Rules of Civil Procedure, is addressed to the sound discretion of the court and its determination will not be disturbed upon appeal except for an abuse of discretion. Securities & Exchange Commission v. Farm and Home Agency, Inc., 7 Cir., 270 F.2d 891, 892; Darlington v. Studebaker-Packard Corporation, 7 Cir., 261 F.2d 903, 905; Jones v. Jones, 7 Cir., 217 F.2d 239, 241.

It is also well established that Rule 60(b) provides for extraordinary

relief and may be invoked only upon a showing of exceptional circumstances. Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 289 F.2d 726, 730; Flett v. W. A. Alexander & Co., 7 Cir., 302 F.2d 321, 324.

In Flett, we said, page 324: "There can be little doubt that plaintiff attempted to use Rule 60(b) as a substitute for the appeal he deliberately chose not to take. This he cannot do."

In the instant case, appellant argues that our previous decisions are not applicable here. He urges that he merely asks to be restored to the position he occupied immediately prior to the entry of the order of November 21, 1963, which allowed his motion to withdraw his appeal.

We have here the situation where a party to a lawsuit suffered an adverse adjudication. He filed a timely appeal, but thereafter his attorney concluded that the appeal would not stand up, and deliberately obtained the dismissal of the appeal. If the attorney's then appraisal of his chances on appeal were correct, the voluntary dismissal of the appeal saved his client a considerable amount of printing fees, attorney fees and costs.

Should appellant's view prevail, we envision considerable chaos in the matter of appeals to this Court. Such a rule by us might result in timely appeals in many cases which would be followed by motions for withdrawal of the appeal. About all that would be lost is the $25 filing fee. The prevailing party in the court below would then have to wait for some uncertain period wondering if appellant's counsel might change his mind as to his chances on appeal, and move under Rule 60(b) for reinstatement.

We hold there is no showing in this case of mistake, inadvertence or excusable neglect as those terms are used in Rule 60(b). In our view, the District Court was correct in refusing to set aside and vacate the order of November 21, 1963.

Affirmed.