Vincent DI VITO, Plaintiff-Appellee,

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant-Appellant.**

No. 15516.

United States Court of Appeals Seventh Circuit.

June 7, 1966.

Rehearing Denied July 12, 1966.

John P. Hampton, Roger D. Doten, Louis Linton Dent, Chicago, Ill., for appellant.

George Brode, Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Fidelity and Deposit Company of Maryland, the defendant-appellant, prosecutes this appeal from an order of the District Court denying its motion to vacate and set aside an agreed order of dismissal entered pursuant to stipulation of the parties in the action of Vincent Di Vito, the plaintiff-appellee, against the defendant as the surety on a contractor's performance bond. Defendant's motion is grounded on Rule 60(b)(3) of the Federal Rules of Civil Procedure (28 U.S.C.A.) [1] and based on its claim of "fraud and misrepresentation of plaintiff in procuring the settlement" which resulted in the stipulated dismissal of plaintiff's suit.

Plaintiff's complaint alleged in substance that on December 27, 1962, the defendant, as surety, executed a performance bond for H. P. Reger & Co., principal, in connection with a contract of Reger with the Sanitary District of Hammond, Indiana, for the construction of an intercepting sewer; that in the performance of the contract Reger rented excavating machinery and equipment from the plaintiff "pursuant to agreement" under which Reger was obligated to pay $51,594.26 therefor; that Reger paid $25,000 of the agreed rental but after the balance had become due and owing to the plaintiff for the use of equipment and apparatus furnished, Reger filed a voluntary petition in bankruptcy; and that the defendant as surety on the bond of Reger was obligated to the plaintiff in the sum of $26,594.26, and plaintiff was entitled to recover the same with interest and costs.

The defendant's answer included an affirmative allegation, made upon information and belief, that the sewer construction contract was a joint venture of Reger and the plaintiff, and that if plaintiff had leased and supplied machinery and apparatus to Reger, it was supplied as the plaintiff's contribution to the joint venture, and the plaintiff therefore is not entitled to recover against defendant under the performance bond.

In defendant's earlier interrogation of Reger's president, George L. McCue, in the bankruptcy proceeding, McCue had denied the existence of such a joint venture.

On May 24, 1965, the parties settled the cause. The defendant paid the plaintiff $18,838.00, and the plaintiff gave the defendant a release and a partial assignment of his claim in bankruptcy against Reger. On June 2, 1965, the order dismissing the cause pursuant to stipulation of the parties was entered. Defendant's motion to vacate and set aside that order was filed November 2, 1965.

Affidavits filed by the defendant in support of its motion to vacate and set aside the order of dismissal set forth that during the settlement discussions the attorney for the plaintiff represented that there was no joint venture agreement between plaintiff and Reger and under date of August 26, 1964, he sent defendant a letter in which he enclosed what he stated to be the "salient paragraphs of the agreement of August 7, 1963 by and between H. P. Reger & Company and Vincent Di Vito for the furnishing of and the use and rental of certain machinery and equipment in order

---

1. Insofar as here pertinent, Rule 60(b)(3) provides:

   "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *"

to accomplish certain work contemplated in the Munster [Hammond Sanitary District intercepting sewer] project"; that the settlement was made in reliance upon these representations; that on June 16, 1964, after the settlement and dismissal of the cause, an attorney for the defendant discovered in the office of Reger's trustee in bankruptcy a written joint venture agreement between the plaintiff and Reger dated August 7, 1963, with reference to the contract with the Sanitary District, signed by the plaintiff; that defendant would not have settled the cause had it known that the contract of Reger with the Sanitary District was a joint venture of the plaintiff and Reger; and that defendant "is informed and believes" that the attorney for the plaintiff "prepared said joint venture agreement, that it was executed by plaintiff and Reger, and that plaintiff at all times knew that said contract with the Sanitary District was a joint venture of plaintiff and Reger, and that all machinery, equipment and apparatus supplied by plaintiff was his contribution under said joint venture agreement".

Exhibits accompanying the affidavits reveal that invoices constituting a part of the proof of claim affidavit the plaintiff furnished the defendant are represented to be billings "in accordance to contract dated August 7, 1963"; that the enclosure submitted with the August 26, 1964 letter and represented to be the "salient paragraphs" of the August 7, 1963, agreement discloses a rental agreement as alleged in plaintiff's complaint; and that the after discovered document, also dated August 7, 1963, but not executed on behalf of Reger, contains provisions identical with those plaintiff's attorney had represented to be the "salient paragraphs" of the agreement between plaintiff and Reger but also certain additional clauses which make such document in form and content a joint venture agreement covering the subject sewer installation work with respect to which the plaintiff had sought recovery from the defendant on the basis of liability of Reger for machinery and equipment rentals.

The defendant's motion was heard and considered by the District Court on defendant's affidavits and exhibits, a reply memorandum filed by the plaintiff in opposition to the motion, and the oral arguments of counsel.

■ Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. Flett v. W. A. Alexander & Company, 7 Cir., 302 F.2d 321, 324; Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 289 F.2d 726, 730; Nugent v. Yellow Cab Company, 7 Cir., 295 F.2d 794, 796. A motion thereunder to vacate a judgment is addressed to the sound legal discretion of the trial court, and its determination will not be disturbed except for abuse of discretion. Parker v. Checker Taxi Company, 7 Cir., 238 F. 2d 241; Assmann v. Fleming, 8 Cir., 159 F.2d 332.

Defendant's contentions on appeal that the trial court's denial of its Rule 60(b) (3) motion constitutes an abuse of discretion which deprives defendant of a valid defense, i. e., the assertion of a joint venture of plaintiff with Reger as a bar to plaintiff's claim against it as surety, are premised upon defendant's further contention that its affidavits and accompanying exhibits serve to establish not only a factual basis for such a defense but that plaintiff through misrepresentation fraudulently concealed it.

The plaintiff, among other things, contends that the showing made by the defendant in support of its motion was insufficient to entitle it to the relief sought, and that defendant's motion was untimely presented.

McCue, president of Reger, testified in the bankruptcy proceeding that no joint venture existed, and the plaintiff's sworn proof of claim filed with defendant and his verified complaint negate the existence of such an agreement—allege facts irreconcilable with the existence of such an agreement. Except for defendant's discovery of an incompletely exe-

cuted draft of such an agreement defendant's affidavits present no more than conclusions set forth in the form of averments made on information and belief.

To warrant the vacation of a judgment under Rule 60(b) (3) for fraud and misrepresentation in procuring the settlement upon which the judgment is based the existence of such fraud must be established by clear and convincing evidence. Assmann v. Fleming, 8 Cir., 159 F.2d 332, 336. The burden of making such showing was upon the defendant, and conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud, much less to carry the burden of resolving that issue. Parker v. Checker Taxi Company, 7 Cir., 238 F.2d 241, 244; Cf. Duane v. Altenburg, 7 Cir., 297 F.2d 515, 518–519. The existence of a joint venture agreement document, executed by only one of the parties, affords at the most only a possible basis for suspicion with respect to the veracity of plaintiff's and McCue's sworn representations as to the nature of plaintiff's and Reger's contractual relationship in connection with Reger's contract with the Sanitary District. Of itself, the document is not clear and convincing evidence that those representations or the later representations made by plaintiff's attorney were false and fraudulent, or that the excerpts furnished defendant by plaintiff's counsel as representing the salient features of the agreement between plaintiff and Reger were fraudulent representations. And, the accompanying averments made on information and belief in the affidavits filed by the defendant do not serve to supply the deficiency in defendant's showing of the requisite basis for the relief requested— clear and convincing evidence of fraud.

Moreover, the relief provided by Rule 60(b) is equitable in character and to be administered upon equitable principles. Assmann v. Fleming, supra. And, equity aids the vigilant. The Rule requires that a motion thereunder "shall be made within a reasonable time". Defendant has offered no convincing explanation of its four and one-half month delay, after discovery of what it now asserts to be significant evidence of fraud, before filing its motion.

We conclude that the defendant has failed to demonstrate that the District Court's denial of its motion was an abuse of discretion. Accordingly, the order appealed from is affirmed.

Affirmed.