**Loretta J. HASTY, Plaintiff,**

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, Defendant.**

**No. 1:94–CV–96.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 4, 1994.

**340**

John B. Powell, Stephen J. Williams, Shambaugh Kast Beck and Williams, Fort Wayne, IN, Robert E. Hoskins, Foster and Foster, Greenville, SC, for plaintiff.

Stephen J. Lerch, Fort Wayne, IN, Thomas C. Nyhan, James D. O'Connell, William J. Nellis, Rosemont, IL, Steven D. Davidson, Baird Holm McEachen Pedersen Hamann and Strafheim, Omaha, NE, for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on plaintiff's Motion for Amendment, Alteration and/or a New Trial. For the following reasons, plaintiff's Motion is denied.

## BACKGROUND

The facts surrounding this litigation are adequately addressed in this court's Order denying plaintiff's Motion for Summary Judgment and granting defendant's Motion for Summary Judgment. *See, Hasty v. Central States, Southeast and Southwest Areas Health and Welfare Fund,* 851 F.Supp. 1250 (N.D.Ind.1994). Accordingly, the court shall not address the facts again.

## DISCUSSION

Plaintiff asks this court to reconsider its opinion in whole and hold that the proposed treatment for plaintiff's cancer is covered by the C–6 Health Benefit Plan. However, plaintiff directs all of her argument in her Memorandum in Support of Motion for Amendment, Alteration and/or New Trial towards only one portion of the court's Order denying plaintiff's Motion for Summary Judgment. Specifically, plaintiff takes exception to this court's analysis regarding the appropriateness of dissecting the proposed treatment into its five (5) separate and distinct stages and requiring defendant to pay for some stages of the treatment, while possibly finding that other stages are not reimbursable under the C–6 Health Benefits Plan. *Id.* at 1259. If this court is not willing to order coverage for plaintiff's proposed treatment, plaintiff asks this court to at least reissue its Order in a form that removes any statements that may provide an inference that plaintiff's attorneys may have acted in an improper or unethical manner.

Although plaintiff does not explicitly state under which Federal Rule of Civil Procedure she is proceeding, the court interprets the Motion to fall under either Fed.R.Civ.P. 59(e) or 60(b). Under Fed.R.Civ.P. 59(e), "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). Motions under Rule 59(e) cannot be utilized to raise arguments that could have been raised before the judgment issued. *Id.*

In addition, the Seventh Circuit Court of Appeals has established a high standard for prevailing on a motion brought under Fed. R.Civ.P. 60(b): "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *DiVito v. Fidelity and Deposit Co. of Maryland,* 361 F.2d 936, 938 (7th Cir. 1966).

Based upon plaintiff's arguments in her Motion and the applicable standards under Rule 59(e) and Rule 60(b), plaintiff's Motion

must fail. Plaintiff does not establish a manifest error of law or fact, does not present new evidence on the merits, nor does the Motion allege any exceptional circumstances. Plaintiff basically advances two (2) arguments as to why this court should amend or alter its prior Order denying plaintiff's Motion for Summary Judgment.

First, plaintiff asserts that she did not raise the issue of separating the proposed treatment into its subparts and analyzing whether each subpart is covered under the Health Benefits Plan at "the stroke of the last bell." *Hasty*, 851 F.Supp. at 1259. Plaintiff states that she maintained such a theory throughout this litigation arguing that the case at bar is analogous to *Doe v. Group Hospitalization Services*, 3 F.3d 80 (4th Cir. 1993).

Second, and intricately tied to the first argument in plaintiff's Motion now before the court, plaintiff asserts that her counsel did not advance inconsistent arguments before this court and before the United States District Court for the Eastern District of Virginia in *Wheeler v. Dynamic Engineering, Inc.*, 850 F.Supp. 459 (E.D.Va.1994), in regards to whether the proposed treatment should be viewed as a single procedure or as five (5) separate and distinct procedures.

### *Raised at the Last Bell?*

▇ Plaintiff asserts that the following passage from this court's Order denying plaintiff's Motion for Summary Judgment is not an accurate portrayal of how and when plaintiff raised the possibility that the proposed treatment could be separated into its subparts and a determination made as to whether any subpart is covered under the C–6 Health Benefits Plan.

> Finally, in her Reply Memorandum, plaintiff suggests that the HDC/PSCR treatment can be separated into subparts and the question of coverage considered separately for each subpart. However, plaintiff requested the Board of Trustees to certify that the entire procedure would be covered under the C–6 Health Benefits Plan, not whether the treatment could be parcelled into subparts where some subparts would be covered and others possibly not. The Trustees considered the entire treatment as a whole and determined that the treatment as a whole is not covered under the terms of the Plan.

> The court is of the opinion that the treatment should be considered as a whole as there would be no need for the induction, mobilization, leukapheresis or hospitalization stages if it was not for the HDC aspect of the treatment. Indeed, in previous litigation and in the instant case Plaintiff's attorney has made representations that the treatment is to be considered only as a whole and not separated into subparts. *See, Wheeler v. Dynamic Engineering, Inc.*, 850 F.Supp. 459 (E.D.Va. 1994) (Court found that HDC/PSCR began with the initial induction phase of treatment, and therefore, insurer could not amend plan after treatment had begun to avoid paying for the treatment).

> The court questions whether R.T. Inc., its physicians, plaintiff and plaintiff's attorney belief that HDC/PSCR is an integrated or disjointed procedure depends on medical fact or how best to obtain payment? To adopt different litigation strategies under similar circumstances in different cases on this particular point does not lend credibility to plaintiff's argument in the instant case. The court will not begin its own partitioning of the Plan and the proposed treatment at the stroke of the last bell. The court's limited roll in the instant case is to determine whether the Board of Trustees acted arbitrarily or capriciously when it decided that the entire proposed treatment was not covered by the C–6 Health Benefits Plan.

*Hasty*, 851 F.Supp. at 1259.

Plaintiff asserts that she addressed the issue of separating the subparts of the proposed treatment before and during the litigation of this matter. She argues that she did not first advance the argument in her Reply Memorandum. Plaintiff directs the court to pages five (5), six (6), seventeen (17) and eighteen (18) of her Memorandum in Support of Motion for Summary Judgment and a letter addressed to defendant in which she requested coverage of the proposed proce-

dure in order to demonstrate that she asserted the argument from the outset.

Even if the court were to accept plaintiff's assertion that she fully advanced the argument of separating the procedure into its subparts prior to her Reply Memorandum, such a finding would not alter the court's decision in this case. The thrust of the court's reasoning as to why it would not entertain the notion that the proposed procedure could be separated into its subparts rested upon the fact that plaintiff sought pre-certification from defendant for the procedure as a whole. The entire procedure was considered by the Board of Trustees, and the Board decided that the procedure, when considered as a whole course of treatment, was excluded under the terms of the Plan.

The court's limited role in this case is to ensure that the Board did not act arbitrarily or capriciously in reaching its decision that the proposed procedure, as it was presented to them, was not covered under the terms of the Plan. It is precisely because of the court's limited role in the instant case that the court stated that it would not "begin its own partitioning of the Plan and the proposed treatment at the stroke of the last bell." *Hasty*, 851 F.Supp. at 1259. Had the court considered separating the procedure into its subparts and determined which aspects were covered under the Plan, the court would not have been reviewing the decision of the Board of Trustees which contemplated the entire procedure, but the court would have been interpreting the C-6 Health Benefits Plan in light of the proposed treatment, something the court clearly was not authorized to do. *Exbom v. Central States Health and Welfare Fund*, 900 F.2d 1138 (7th Cir. 1990).

Related to her argument that she advanced her theory of possibly separating the proposed treatment into its subparts prior to and throughout the litigation of this matter, in her Motion now before the court, plaintiff more forcefully and more completely reargues the applicability of *Doe v. Group Hospitalization Services*, 3 F.3d 80 (4th Cir.1993). However, the court has already passed upon the applicability of this case to the case at bar and has declined to follow its lead.

Plaintiff has failed to establish a manifest error of law or fact, does not present new evidence on the merits, nor does plaintiff allege any exceptional circumstances. Accordingly, on the basis of this argument, plaintiff has failed to satisfy the requirements of Fed.R.Civ.P. 59(e) or Rule 60(b).

*Inconsistencies With the Wheeler Case*

■ Plaintiff also asserts that her counsel did not make inconsistent arguments before this court and the United States District Court for the Eastern District of Virginia in a prior case concerning whether the proposed treatment should be considered as a whole course of treatment or whether it could be separated into its five (5) subparts for the purpose of securing payment for the treatment or any subpart of the treatment. *See, Wheeler v. Dynamic Engineering, Inc.*, 850 F.Supp. 459 (E.D.Va.1994). Plaintiff maintains that there is no basis whatsoever in the record for the assertion that plaintiff's attorney made inconsistent arguments before the two district courts on this particular point. She states that the only basis for such a finding was defendant's own reading and characterization of the *Wheeler* case. Plaintiff believes that the language in this court's Order related to the *Wheeler* case strongly implies that plaintiff's attorney was involved in some type of unethical or improper conduct. Plaintiff also points out that pursuant to Fed.R.Civ.P. 8, plaintiff may assert alternative theories of recovery.

Plaintiff cited the *Wheeler* case only for the purpose of demonstrating that Dr. Bruce Cheson accepts HDC/PSCR when it is administered in a clinical trial. Plaintiff did not explicitly make an argument based on the holding of the *Wheeler* case. However, defendant did point out to the court that one reading of *Wheeler* supports the implication that plaintiff's attorney and Dr. West necessarily argued that the proposed treatment was, as a medical fact, one course of treatment. In *Wheeler*, the court held that the proposed treatment could not be initiated and halted partially through the treatment, and that the proposed treatment actually begins at the induction stage which encompasses standard chemotherapy. *Wheeler*, 850

F.Supp. at 465–66. The court specifically relied upon the assertions of Dr. West in reaching this conclusion. *Id.* Thus, the insurer could not amend the health benefits plan after treatment had begun to avoid paying for the treatment. *Id.*

In the instant case, plaintiff argues that the proposed treatment may be considered in its subparts in order to secure payment from defendant for any of the subparts. The court still believes plaintiff's attorney to be making inconsistent assertions on this point. In seeking payment for the proposed treatment, is the procedure to be considered as a whole or in its separate and distinct subparts?

Plaintiff is correct to assert that she may advance alternative theories of recovery under the Federal Rules of Civil Procedure. However, to advance different arguments specifically related to whether the proposed treatment should be considered as a whole or as distinct and separate procedures, as a matter of medical fact, does not represent an alternative legal "theory" of recovery. Such a question is a question of medical fact that does not change under any condition. Thus, successfully persuading one court that the proposed treatment is one procedure and cannot be halted partially through the treatment, *Wheeler*, 850 F.Supp. at 465–66, should logically serve to persuade the next court that, as a matter of medical fact, the proposed treatment is one procedure that should only be considered in its entirety. *Hasty*, 851 F.Supp. at 1259. Accordingly, to argue before this court that the proposed treatment should be considered in its subparts creates a factual inconsistency that tends to detract from the credibility of the party advancing the factual inconsistency.

However, nothing in this court's Order denying plaintiff's Motion for Summary Judgment should be construed as advocating that plaintiff's attorneys did anything unethical or improper. As noted *supra*, plaintiff did not cite *Wheeler* for any other purpose than for the opinion of Dr. Cheson. Plaintiff's attorneys merely made a strategic decision advancing that particular argument while zealously representing their client. The court simply declined to follow plaintiff's reasoning.

Thus, the court rejects plaintiff's argument that there are no inconsistencies between the holding of *Wheeler* and the argument plaintiff advanced before this court concerning whether the proposed treatment should be considered as a whole or in its separate stages for the purpose of securing payment for the proposed treatment. Plaintiff does not establish a manifest error of law or fact, does not present new evidence on the merits, nor does plaintiff allege any exceptional circumstances. Accordingly, on the basis of this argument, plaintiff has failed to satisfy the requirements of Fed.R.Civ.P. 59(e) or Rule 60(b).

## CONCLUSION

For all of the foregoing reasons, plaintiff's Motion for Amendment, Alteration and/or a New Trial is DENIED.