[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-10087
Non-Argument Calendar

————————————————

D.C. Docket No. 1:15-cv-20150-JAL

ROY R. LUSTIG,

Plaintiff-Counter Defendant-Appellee,

versus

BARBARA STONE,

Defendant-Counter Claimant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(February 7, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Barbara Stone appeals the district court's entry of default against her, pursuant to Fed. R. Civ. P. 55, for her failure to comply with the court's rules and orders.  On appeal, Stone argues that the district court lacked subject matter jurisdiction to preside over the case.  Next, Stone argues that her due process right were violated when the district court entered default judgment against her because she did not receive proper notice prior to the entry of default.

I.

We review a district court's determination regarding subject matter jurisdiction *de novo*.  *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).  Factual determinations necessary to establish jurisdiction are reviewed for clear error.  *Id*.  The clearly erroneous standard is highly deferential and requires us to uphold the district court's factual determinations as long as they are plausible in light of the record viewed in its entirety.  *Id*.

Federal courts are vested with original jurisdiction over civil actions between citizens of different states where the amount in question exceeds $75,000. 28 U.S.C. § 1332(a)(1).  For federal diversity jurisdiction to attach, all parties must be completely diverse, requiring all plaintiffs to be diverse from all defendants. *See  Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).  In determining whether a district court had jurisdiction, we look to the facts as they

2

existed at the time the action was filed.  *Household Bank v. JFS Group*, 320 F.3d 1249, 1259 (11th Cir. 2003).

The party bringing suit in federal court has the burden of establishing facts supporting the existence of subject matter jurisdiction by a preponderance of the evidence.  *Osting-Schwinn*, 613 F.3d at 1085.  Subject matter jurisdiction "cannot be waived or otherwise conferred upon the court by the parties."  *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (citation and quotations omitted).  If the district court concludes it has no jurisdiction, it generally must dismiss a case without ever reaching the merits.  *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Citizenship is equivalent to domicile for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  A person's domicile is the place of her true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom.  *Id*. at 1257-58.  "[A] change of domicile requires a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely."  *Id.* at 1258 (quotation omitted).  Because such declarations are often self-serving, we generally give little weight to a party's profession of domicile.  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).

3

The district court had subject matter jurisdiction over this case. The district court did not clearly err in finding that Stone was a citizen of New York because multiple documents in the record demonstrated that Stone maintained a residence in New York at the time this case was filed, and it was plausible for the court to conclude that Stone did not intend to remain in Florida indefinitely, despite her assertions to the contrary. Based on the court's factual findings, the district court had subject matter jurisdiction because the Stone was a citizen of New York and Lustig was a citizen of Florida at the time the complaint was filed, and Stone does not challenge whether the amount in controversy was sufficient. *See* 28 U.S.C. § 1332(a)(1).

## II.

We review the district court's denial of a motion to set aside a default judgment for an abuse of discretion. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007).

The Fifth Amendment of the United States Constitution prevents the federal government from depriving a person of life, liberty, or property without due process of law. *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989). With regard to procedural due process, "[p]arties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (quotations omitted). Due

4

process does not require that one actually receive notice before they are deprived of a property interest. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, due process is satisfied if the notice is reasonably calculated to apprise an interested party of the pendency of the action and afford them an opportunity to present their objections. *Id.*

*Pro se* litigants remain subject to the Federal Rules of Civil Procedure, including sanctions for misconduct and for failure to comply with court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, [she] is and should be subject to sanctions like any other litigant.").

Pursuant to S.D. of Fla. Local Rule 11.1(g), *pro se* parties are responsible for maintaining current contact information with the clerk of court:

> [A] party appearing *pro se* shall conventionally file a Notice of Current Address with updated contact information within seven (7) days of a change. The failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court. All Court Orders and Notices will be deemed to be appropriately served if directed either electronically or by conventional mail consistent with information on file with the Clerk of Court.

S.D. Fla. L.R. 11.1(g).

The district court did not abuse its discretion in denying Stone's motion to set aside the default judgment against her based on her contention that she did not receive proper notice prior to the entry of default. The record shows that notice

5

was provided to Stone at her New York address, which was the only address she had provided to the court at the time.  Because Stone was mailed filings at her address of record, she was provided with notice in a manner reasonably calculated to inform her of the events pertaining to her case, even if she did not actually receive that notice.  *See Jones*, 547 U.S. at 226.  Therefore, the district court did not abuse its discretion in denying her motion to set aside her default judgment, and we affirm.

**AFFIRMED.**