[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12112
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-20150-JAL

ROY R. LUSTIG,

                                        Plaintiff–Appellee,

versus

BARBARA STONE,

                                        Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Barbara Stone appeals from the denial of her motion for relief from judgment. On appeal, she argues that the district court erred in denying her motion under Federal Rule of Civil Procedure 60(b). We affirm.

This is the third time that we have been called to adjudicate an appeal in the underlying lawsuit filed by Roy Lustig against Barbara Stone. Lustig filed suit against Stone in the Southern District of Florida for defamation against him. During the course of litigation, the district court determined that Stone effectively stopped defending her position in the lawsuit and issued a default judgment against her under Federal Rule of Civil Procedure 55. Subsequent proceedings—which consisted of an evidentiary hearing, a report and recommendation by the magistrate judge, and an Omnibus Order by the district court fully embracing the magistrate judge's recommendations—ultimately culminated in a $1.7 million judgment against Stone.

Stone's first appeal was limited to two discrete issues: (1) whether the district court properly exercised subject-matter jurisdiction over the case, and (2) whether the district court properly denied Stone's motion to set aside the default judgment. We affirmed in both respects in an unpublished opinion. *See generally Lustig v. Stone*, 679 F. App'x 743 (11th Cir. 2017).

After the mandate was issued, Stone moved the district court to vacate the judgment under Rule 60(b). The district court denied the motion. Stone appealed,

2

and we affirmed the denial.  *See generally Lustig v. Stone*, 774 F. App'x 626 (11th Cir. 2019).

After her second appeal, Stone *again* moved the district court to vacate the judgment, this time raising arguments under Rules 60(a), 60(b)(3), 60(b)(4), 60(b)(6), and 60(d)(3).  The district court, in a detailed and well-reasoned opinion, rejected Stone's arguments.  She appeals from this determination.

In addressing Stone's arguments, we note that many of Stone's arguments in the instant (and third) appeal were also raised in her second appeal.  The "law of the case" doctrine establishes that the "conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."  *Original Brooklyn Water Bagel Co. v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 728 (11th Cir. 2016) (citation omitted).

We take judicial notice under Federal Rule of Evidence 201(b)(2) of Stone's brief in her 2019 appeal as a public record.  *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of complaint as public record).  In her appeal, she argued that she was denied a fair opportunity to participate in a hearing before the magistrate judge, that the judgment was entered without due process, that her due process rights were violated when she was prevented from participating in the post-default evidentiary hearing, and that the magistrate judge presided at a hearing without her consent and had no jurisdiction.

3

In our disposition of her second appeal, we ultimately rejected those arguments. We concluded that "the record reflects that notice of the evidentiary hearing was mailed to Stone at the address she provided to the district court, so her due process claims were due to be denied on the merits." *Lustig*, 774 F. App'x at 627. We further concluded that "Stone waived her due process arguments by waiting two years after entry of judgment to raise them. In particular, Stone appealed the district court's judgment during this time period but failed to make any due process argument regarding the evidentiary hearing, or about the magistrate judge's appointment." *Id.* And because she did not object to "the district court's jurisdiction to enter a final judgment . . . any error in the magistrate judge's presiding over the evidentiary hearing did not render the judgment void and does not warrant relief under Rule 60(b)(4)." *Id.* (citation omitted).

These are nearly identical to the arguments that she raises before us now. Accordingly, we conclude that, because the 2019 panel considered these claims and issued legal conclusions disposing of them, the "law of the case" doctrine precludes us from considering them anew.

The overlap with Stone's 2019 appeal extends to every issue she raises before us, save for one: her argument that the plaintiff procured the judgment as a result of fraud. Stone ostensibly makes two different arguments here: First, she argues that, under Rule 60(b)(3), the judgment should be set aside because it was

4

procured by fraud.  But after the district court denied her Rule 60(b)(3) fraud claim as time-barred, Stone reasserted the claim as a Rule 60(d)(3) claim of fraud on the court.  The district court denied the claim as having no support aside from Stone's conclusory assertions.  In her brief on appeal to us, Stone merely repeats those conclusory allegations.

We affirm the district court's order in its disposition of the fraud-based allegations that Stone has raised.  First, with respect to her Rule 60(b)(3) motion, it is time-barred.  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) [of Rule 60(b)] no more than a year after the entry of judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  In *Stansell v. Revolutionary Armed Forces of Colombia*, we rejected the Rule 60(b)(3) motion when it was filed even a mere five months after the judgment was issued.  771 F.3d 713, 738 (11th Cir. 2014).

In the instant case, the district court issued its "Omnibus Order"—which adopted the magistrate judge's recommendation as to damages and therefore constitutes the temporal starting point—on December 7, 2015.  Stone's instant Rule 60(b)(3) motion, which raised the fraud claim, was filed 3 years, 3 months, and 6 days after the district court's "Omnibus Order" was issued, a period of time well in excess of Rule 60(c)(1)'s 1-year requirement.  By no measurement was Stone's motion "made within a reasonable time."  *See* Fed. R. Civ. P. 60(c)(1).

5

Accordingly, we do not reach the merits of Stone's argument in this respect because her motion is barred as untimely.

And with respect to Stone's Rule 60(d)(3) argument, we agree with the district court that Stone has failed to establish fraud on the court by the necessary clear and convincing evidence. *See Booker v. Dugger*, 825 F.2d 281, 283–84 (11th Cir. 1987). As we noted in *Booker*, "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Id.* (quoting *Di Vito v. Fidelity & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966)). Stone's allegations of fraud on the court are conclusory and lack sufficient evidence to support them. We affirm as to this issue.

In sum, we conclude that the district court's denial of Stone's second motion to vacate the judgment was appropriate. Stone's attempt to relitigate the exact same issues from her second appeal is barred by the law of the case doctrine, and her fraud claim (whether considered under Rule 60(b)(3) or Rule 60(d)(3)) is rejected for the reasons stated above.

**AFFIRMED.**

6