ULISES MARTÍNEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JOSÉ M. CALDERÓN JR., JUEZ, demandado, ENA ELBA, ANA AIDA y LULÚ ESPÉNDEZ y OTROS, interventores.

Número: 2559. Resuelto: 31 de agosto de 1961.

*Edelmiro Martínez Rivera* y *Edelmiro Martínez, Jr.,* abogados del peticionario; *Aldo Segurola de Diego* y *Héctor González Blanes,* abogados de las interventoras; *Juan L. Cruz Rosario* y *Adán E. Montalvo,* abogados de Ernesto Espéndez.

Sala integrada por el Juez Asociado Sr. Santana Becerra como Presidente de sala, y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 23 de enero de 1959 dictamos sentencia en el recurso de apelación 11896, Ex Parte, Ena Aida Espéndez de Pericás, et al, Peticionarios, Sobre Administración Judicial—Incidente especial de reclamación de Ulises Martínez, Recurrente—en la que confirmamos a base de los hechos en el récord, la dictada en dicho procedimiento por la Sala de San Juan del Tribunal Superior en 27 de agosto de 1954 que desestimó una reclamación de Martínez contra los herederos en la cantidad de $15,000.

En igual fecha, 23 de enero de 1959, dictamos la Resolución siguiente, motivada por los hechos que en la misma se expresan:

"Radicados los respectivos alegatos en este caso, en 20 de diciembre de 1956 el recurrente solicitó vista oral. En 29 de septiembre de 1958 se señaló la misma, notificándose a las partes en esa fecha, para tener efecto el día 16 de octubre de 1958. En 2 de octubre de 1958 el recurrente radicó un documento titulado 'Escrito Especial' trayendo a conocimiento del Tribunal los hechos relacionados con este caso que aparecen en las declaraciones de Santiago Antonio Zayas y de Eulalia Villafañe hechas bajo juramento en 16 de septiembre de 1957 ante el Notario Jorge Benítez Gauthier, las cuales se acompañaron al referido 'Escrito Especial'. La parte recurrida, en escrito radicado el 7 de octubre de 1958, pidió la eliminación de dichas declaraciones juradas y que las mismas no fueran tomadas en consideración por no haber formado parte de los autos ni haber el Tribunal Superior pasado sobre ellas.

"A la luz del expediente de revisión según fue elevado y de la prueba que tuvo ante sí el Tribunal Superior, Sala de San Juan, y vista la Regla 49.2 de Procedimiento Civil, hemos procedido en esta fecha a confirmar la sentencia dictada por considerarla correcta. Por otra parte, vista la naturaleza de los hechos expuestos en las referidas declaraciones juradas, se ordena al Fiscal de este Tribunal que proceda a realizar una inves-

tigación de los mismos en todos sus aspectos y someta un informe de dicha investigación, para lo cual se le concede un término de 30 días a partir de la fecha en que sea notificado de la presente."

El 18 de junio de 1959 Ulises Martínez compareció a la Sala de instancia en moción bajo la Regla 49.2 de las de Procedimiento Civil para que se le relevara de la sentencia dictada contra él en 27 de agosto de 1954. En dicha moción transcribió literalmente la sentencia dictada por nosotros así como la Resolución de este Tribunal anteriormente transcrita, y las dos declaraciones juradas a que hace referencia la Resolución. Específicamente alegó fraude y engaño al Tribunal sentenciador mediante la preparación, el uso y la presentación en la vista del caso de prueba falsa obtenida por la parte adversa por medio del soborno y la instigación al perjurio, y que la parte conspiró para poner y puso en ejecución un plan para despojar al peticionario ilegalmente de sus derechos como acreedor. Alegó además que la "prueba espuria" preparada y presentada por la parte a cuyo favor se dictó la sentencia de 27 de agosto de 1954 fue admitida, y se le dio crédito por el Tribunal, en contra de su reclamación. Solicitó el peticionario de la Sala sentenciadora que ésta determinara *"si estaría dispuesta"*, por los hechos expuestos, a relevarlo de los efectos de la sentencia.

En 25 de junio de 1959 quedó archivado en la Sala de instancia el Mandato de este Tribunal. En 26 de junio, sin oir a las partes, la Sala sentenciadora dictó la siguiente resolución:

"Examinados los autos de este caso, y considerando la moción radicada por Ulises Martínez, bajo la Regla 49.2 de las de Enjuiciamiento [sic] Civil y la oposición radicada por el heredero Ernesto Espéndez Ruiz, y el Mandato del Hon. Tribunal Supremo

confirmando la sentencia dictada por este Tribunal en 27 de agosto de 1954, NO HA LUGAR a la pretensión del referido Ulises Martínez.—Notifíquese. Dada en San Juan, P. R., hoy 26 de junio de 1959." (¹)

Una moción de reconsideración fue declarada sin lugar de plano.

En el recurso de certiorari ante nos el peticionario sostiene (1) que constituyó manifiesto abuso de discreción el negar de plano la moción bajo la Regla 49.2, esto es, sin celebrarse una audiencia y oirse a las partes; (2) que la Regla 49.2 no fija término ni de manera alguna limita el poder del Tribunal Superior para conocer y disponer de una moción para relevar a una parte de los efectos de una sentencia por fraude al tribunal; y (3) que aún si el término de seis meses se aplicara a una moción bajo la Regla 49.2 basada en fraude al tribunal, el término se contaría en este caso a partir de la sentencia dictada en apelación. Ante estos planteamientos que envuelven una interpretación de la referida Regla, expedimos certiorari.

La Regla 49.2 de las de Procedimiento Civil—R.P.P.R., pág. 89; 32 L.P.R.A.—Sup. Acum. 1960, pág. 154—en lo ahora pertinente (más adelante nos ocuparemos de su último párrafo) dispone así:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

---

(¹) La oposición a que hace referencia la Resolución transcrita se limita a expresar que el heredero Ernesto Espéndez Ruiz "hace oposición a la moción radicada por el reclamante Ulises Martínez", sin exponer fundamento alguno.

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

"Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). *La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.* Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. *Esta regla no limita el poder del tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento, o para conceder un remedio a una parte que en realidad no hubiere sido emplazada, o para dejar sin efecto una sentencia por motivo de fraude al tribunal.*" (²) (Bastardillas nuestras)

 Como cuestión procesal, fue un error de la Sala sentenciadora denegar esta moción sin celebrar una audiencia y oir a las partes. Basta examinar los seis fundamentos por los cuales puede solicitarse que se deje sin efecto una sentencia

---

(²) La cuestión a resolver en este caso gira en torno a la parte enfatizada. Al igual que las demás reglas de procedimiento civil, la Regla 49.2 tiene su origen y está sustancialmente calcada en la Regla 60 (b) de las de procedimiento civil federal según ésta quedó enmendada en 1946. Como resultaría ser imposible, la 60 (b) federal omite lo relacionado a pleitos de divorcio, y distinta a la nuestra, dispone que la moción por las razones bajo los números (1), (2) y (3) no podrá presentarse después de transcurrido el término de un año y no fija término máximo para la moción por las razones (4), (5) y (6). La nuestra fija un término máximo de 6 meses en todos los casos. Otra diferencia es que la Regla 49.2 omite la última oración de la 60 (b) referente a la abolición, hecha para clarificar la doctrina federal, de los antiguos recursos auxiliares de la ley común y, en equidad, *coram nobis, coram vobis, audita querela, bills of review,* etc.

para que resulte obvio que es imprescindible el que las partes sean oídas antes de disponerse de la moción. Véase: *Roca v. Thomson*, 77 D.P.R. 419, a la página 433. Máxime la presentada en este caso en que por la naturaleza de lo alegado era inevitable el que se practicara prueba. Bajo la Regla 3 de las de Administración del Tribunal de Primera Instancia, R.P.P.R., pág. 351; 4 L.P.R.A. Ap. II, pág. 1003, la moción debió haber ido automáticamente al calendario de *vistas* de mociones. Y véase la Regla 62.2 de Procedimiento Civil, R.P.P.R., pág. 120, 32 L.P.R.A. Sup. Acum. 1960 pág. 176. Aun cuando la Sala sentenciadora estuviera bajo la creencia de que en derecho carecía de facultad para actuar, ello requería, como veremos a continuación, una interpretación de la propia Regla, para disponer de la cual debió haber oído a las partes.

Consideraremos el fondo del problema procesal que es el único que nos concierne en este momento, ya que no pasaremos sobre los méritos de la moción en sí en cuanto a si procede o no que se releve al peticionario de la sentencia dictada contra él.

La Sala de instancia no expresó los fundamentos que hubo para denegar la moción. Si bien de ordinario el relevo o no de una sentencia bajo tal regla descansa en una sana discreción judicial, con miras siempre a que se haga cumplida justicia, es difícil creer que la denegara en los méritos de la misma sin haber oído prueba. Habiéndose imputado fraude al Tribunal mediante conducta de la parte contraria fuera del récord, la concesión o negativa del remedio solicitado no dependía de una caprichosa discreción o de la mera voluntad del Juez sino de la ley. La moción presentaba una controversia justiciable para disponer de la cual se requerían las usuales garantías de un proceso adversativo, el deber de oir prueba y aquilatarla, resolver los conflictos de evidencia,

pasar sobre la credibilidad de los testigos y formar un sano juicio de los hechos probados.(³)

Nos inclinamos más bien a creer que la Sala entendió que carecía de poder o facultad para conocer del asunto, y lo despachó sin darle consideración en su fondo. Algunas constancias del récord nos permiten enfocar así la situación. En la moción de reconsideración denegada también de plano el peticionario se refirió, por razones que no surgen de los autos, a "la interpretación" de la Sala en el sentido de que la moción había sido radicada fuera de término, y discutió luego la parte de la regla que reserva el poder del tribunal en tales casos. Ante nos, los interventores discuten la cuestión envuelta igualmente en términos del período de seis meses que menciona la regla, y sostienen que el remedio sería un pleito independiente. La resolución de la Sala sentenciadora da a entender que pudo haber considerado el hecho adicional que la sentencia había sido confirmada por este Tribunal. Sobre este último aspecto nos pronunciaremos más adelante.

La disposición de la Regla 49.2 al efecto de que la misma "no limita el poder del tribunal para conocer de un pleito independiente *con el propósito* de relevar a una parte de una sentencia, orden o procedimiento, o *para* conceder un remedio a una parte que en realidad no hubiere sido emplazada, o *para* dejar sin efecto una sentencia por motivo de fraude al tribunal" es una traducción o trasplante de la correspondiente

---

(³) *Universal Oil Co.* v. *Root Rfg. Co.*, 328 U.S 575. pág. 580; Cf. *Root Refining Co.* v. *Universal Oil Products Co.*, (CA 3) 169 F.2d 514, cert. den. 336 U.S. 912; *Parker* v. *Checker Taxi Co.*, (CA 7) 238 F.2d 241, cert. den. 353 U.S. 922; *Consolidated Gas Equipment Co., etc.* v. *Carver* (CA 10) 57 F.2d Ill.; *Cuthill* v. *Ortman-Miller Machine Co.*, (CA 7) 249 F.2d 43, cert. den. 356 U.S. 919; *Federal Deposit Insurance Corp.* v. *Alker*, (CA 3) 234 F.2d 113. *United States* v. *Sipler*, 94 F. Sup. 987— *confirmado*, (CA 3) 191 F.2d 816; Cf. *Hazel-Atlas Co.* v. *Hartford Co.*, 322 U.S. 238.

disposición contenida en la Regla 60(b) federal al enmendarse en 1946.(⁴)

En último análisis la cuestión se reduce a determinar si la referida disposición ha de leerse e interpretarse en el sentido de que la regla no limita el poder del tribunal para conocer de un pleito independiente con el propósito:—de relevar a una parte de una sentencia, orden o procedimiento, o de conceder un remedio a una parte que no hubiere sido emplazada o de dejar sin efecto una sentencia por motivo de fraude al tribunal, en cuyo caso, de ser esa la interpretación correcta le asistiría la razón a los interventores, o si por el contrario ha de leerse e interpretarse dicha disposición en el sentido de que la regla no limita el poder del tribunal:— para conocer de un pleito independiente con el propósito . . . etc.; para conceder un remedio a una parte que no hubiere sido emplazada, ni tampoco para dejar sin efecto una sentencia por fraude al tribunal. Gramaticalmente, la interpretación correcta debe ser lo segundo. Sin embargo, existe una razón más sólida que requiere que lo entendamos así cual es el origen e historial de la regla y la interpretación que le han dado las cortes y demás autoridades.

Según se promulgó en 1938, la Regla 60(b) federal disponía que la misma *no limitaba* "el poder de la corte (1) para conocer de una acción para relevar a una parte de una sentencia, orden o procedimiento, o (2) para dejar sin efecto, dentro del año . . . una sentencia obtenida contra un demandado que en efecto no hubiere sido notificado personalmente". En forma parecida disponía la Regla 60(b) nuestra de Enjuiciamiento, promulgada en 1943. Al considerarse las enmiendas de 1946 a la regla federal, en su segunda propuesta de mayo de 1945 el Comité Consultivo sometió el siguiente

---

(⁴)"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655 or to set aside a judgment for fraud upon the court." Rule 60(b) 28 U.S.C.A. (1960) págs. 121–122.

texto: "Esta regla no limita el poder de la corte (1) para conocer de una acción *independiente* para relevar a una parte de una sentencia, orden o procedimiento, o (2) para dejar sin efecto dentro del año . . . una sentencia obtenida contra un demandado que en efecto no hubiere sido personalmente notificado, o (3) para dejar sin efecto una sentencia por fraude a la corte".

La versión finalmente adoptada y promulgada en marzo de 1948 conservó idéntico orden de exposición, excepto que se eliminaron los números entre paréntesis 1, 2 y 3. En su informe acompañando dicha propuesta el Comité Consultivo expuso que la enmienda resolvía el problema incluyéndose expresamente el fraude como un motivo para obtener el relevo mediante moción; que bajo la primer cláusula de reserva el fraude podía invocarse como base de una acción independiente hasta donde la doctrina establecida lo permitía, y que la regla no limitaba el poder de la corte, cuando se hubiera perpetrado fraude contra ella, para conceder un remedio bajo la tercera cláusula de reserva.(5) Y el tratadista Moore se expresa sosteniendo la interpretación que hemos seguido. Dice Moore que como puede verse, dicha disposición estatuye tres ocasiones en que el poder de la corte no queda limitado por la regla enmendada y expone:—"(1) El poder de la corte "para conocer de una acción *independiente* para relevar a una parte de una sentencia, orden o procedimiento' no está limitado . . . (2) Otro poder de la corte que no está limitado por la 60(b) es 'conceder un remedio a un demandado que no ha sido personalmente notificado según se dispone en el Título 28 USC, § 1655' . . . (3) El tercer poder de la corte que no está limitado por la 60(b) es dejar sin efecto una sentencia por fraude a la corte' . . . ▇▇▇ No existe, por lo tanto, una limitación de tiempo máximo cuando el fraude a la corte está

---

(5) Moore's Federal Practice, 2d ed. Vol. 7, págs. 205–209; 28 U.S.C.A. (1960) Rule 60, pág. 124.

envuelto, como existe cuando se trata de una moción de relevo por fraude en general bajo la 60 (b) (3), la cual está sujeta a una limitación máxima de tiempo de un año." (Serían seis meses según nuestra regla.) (⁶) Igual criterio sostienen Barron & Holtzoff. (⁷) California, cuyo artículo 473 de Enjuiciamiento fue la base de la Regla 60 (b) federal, tiene resuelto que el término de seis meses de dicho artículo no

---

(⁶) Moore, *op. cit.* Vol. 7, págs. 220–222. En su pormenorizada discusión de la Regla 60 (b) relacionada en los diversos aspectos de su funcionamiento, Moore sostiene repetidas veces que la regla no crea límite alguno de tiempo al poder de la corte para dejar sin efecto bajo la misma, una sentencia por fraude al tribunal. Véase; *Op. cit.* Vol. 6, págs. 4006, 4018,. 4039; Vol. 7, págs. 67, 68, 89–90 ("Una corte tiene *poder inherente* para dejar sin efecto una sentencia por fraude perpetrado a ella, y la Regla 60 (b) enmendada declara que la misma no le limita el poder a una corte para hacerlo. Y se recordará que la Regla 60 (b) enmendada *también reconoce* el poder inherente de la corte para conceder un remedio debido a fraude cometido contra ella"); págs. 202, 246–47 ("Y ya que la Regla 60 (b) tampoco limita el poder de la corte para dejar sin efecto una sentencia por fraude a la corte, y este poder no está sujeto a límite fijo de tiempo alguno, la diferencia entre fraude intrínseco y extrínseco puede tener alguna importancia en este respecto"); págs. 250, 252–253, 255 ("La disposición en 60 (b) que la Regla no limita el poder de la corte para dejar sin efecto una sentencia por fraude a ella no le quita a la 60 (b) (3); la misma reconoce un poder adicional o *acumulativo*"). Y véase la discusión específica de la tercera cláusula de reserva sobre fraude al tribunal a las págs. 504 a 513.

El poder inherente de las cortes federales, ya sea por propia iniciativa, o a instancia de cualquier parte interesada o afectada, para expurgar sus récords y fallos de fraude al tribunal sin disposición de ley y sin limitación predeterminada de tiempo, está tan indiscutiblemente establecido en la jurisprudencia federal como para hacer superflua la anotación de casos. Cabe mencionar, por la procedencia, que California también reconoce ese poder inherente en sus cortes. (Casos, escolio 8.) De ahí que al mencionarse expresamente el fraude, de cualquier clase o tipo, en la enmienda de 1946, (60 (b) (3) [49.2 (3)] sujeto el remedio a la limitación de un año (6 meses aquí), la regla reconoció también y reservó expresamente sin limitación de tiempo, dicho histórico poder inherente en cuanto al fraude al tribunal. Por supuesto, si el remedio se invocare después del término fijado en el inciso (3), deberán probarse aquellos hechos que particularmente caracterizan el fraude a la corte, de ordinario considerado hasta ahora como fraude extrínseco, ya se actúe indistintamente mediante moción bajo la regla misma o ya mediante un pleito independiente.

(⁷) Federal Practice and Procedure (Rev.) Rules Ed. Vol. 3, págs. 391, 408, 423, 432.

rige ante una petición de relevo de una sentencia por fraude al tribunal. (8)

Veamos el segundo aspecto procesal aquí envuelto. En su párrafo final la Regla 49.2 dispone así:

"Mientras esté pendiente una apelación de una sentencia, el tribunal apelado no podrá conceder ningún remedio bajo esta Regla 49.2, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta Regla 49.2 que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado *dentro del término antes señalado,* y si éste determinare que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso". (Bastardillas nuestras.)

La Regla 60 (b) federal no contiene una disposición semejante en términos expresos. Nuestro Comité Consultivo tampoco la incluyó en el proyecto de la regla que sometió en 1954. Sin embargo, la disposición antes transcrita no hace sino codificar en el cuerpo mismo de la Regla 49.2 bajo el principio general de que apelado un caso el tribunal de instancia pierde su jurisdicción sobre el fallo en sí, la doctrina vigente en la jurisdicción federal en el sentido de que pendiente la apelación la corte sentenciadora carece de facultad para conceder un remedio bajo esta regla sin permiso del tribunal de apelación, y la doctrina igualmente vigente de que resuelta la apelación el tribunal de instancia carece de facultad para conceder un remedio bajo esta regla incompatible con el mandato, sin tal permiso. (9)

(8) *McGuinness* v. *Superior Court,* 237 Pac. 42; *Nealis* v. *Carlson,* 219 P.2d 56; *Kronman* v. *Kronman,* 18 P.2d 712; *Rice* v. *Rice,* 209 P.2d 662; *Williams* v. *Reed,* 185 Pac. 515; *Deyl* v. *Deyl,* 199 P.2d 424; *Rhea* v. *Millsap,* 156 P.2d 941; *Kasparian et al* v. *Kasparian et al,* 23 P.2d 802; *Daut* v. *Daut,* 220 P.2d 63; *Rivieccio* v. *Bothan,* 165 P.2d 677; *Charodit* v. *Charodit,* 21 P.2d 652.

(9) En 1954 se propuso una enmienda a la Regla 60 (b) al efecto de que la moción no requería permiso de la corte de apelación aunque el fallo se hubiere confirmado o finalizado en apelación. El Comité Consultivo

En lo que no hay un criterio unánime y discrepan algunas cortes de apelaciones, es en cuanto a la manera misma de tramitarse el permiso. En algunos casos el propio tribunal de apelación asume la carga de determinar si hay méritos en la moción y devuelve el caso al tribunal de instancia si la apelación está pendiente. En otros, se ha aceptado que el tribunal sentenciador conozca del asunto primero y si manifestare estar dispuesto a conceder el remedio, se acude al de apelación por el permiso. Este aspecto también lo resolvimos por disposición expresa en la Regla 49.2, y adoptamos tal vez el medio más práctico, ya que dichas mociones de ordinario requieren la práctica de prueba y otros trámites para los cuales el tribunal sentenciador está en mejores condiciones que el de apelación. Así, dispusimos que tanto cuando estuviere pendiente la apelación como en el caso en que se hubiere resuelto, la moción de relevo deberá presentarse siempre ante el tribunal sentenciador y si éste determinare que estaría dispuesto a conceder el remedio se acudiría entonces ante el de apelación en solicitud del permiso. Hecha tal determinación por el tribunal de instancia, la concesión del permiso, salvo ante situaciones muy excepcionales, debe ser cuestión más bien de trámite.

En el caso que ahora consideramos es preciso que resolvamos un punto adicional en relación con el permiso, ya que la regla dispone que en ambas situaciones la moción de relevo ante el tribunal de instancia deberá presentarse *"dentro del término señalado"*, que se refiere al de seis meses a partir del

recomendó la propuesta aduciendo que dicho permiso era un formulismo inútil y dilatorio, ya que el tribunal de apelación no podía determinar si se cumplían los requisitos sin un récord completo que debía hacerse en el tribunal de instancia. En el informe final de octubre de 1955 la enmienda proponía que no sería necesario obtener el permiso de la corte de apelación excepto durante el período en que efectivamente una apelación del fallo estuviera pendiente ante dicha corte. El Comité hizo igual recomendación en cuanto a las apelaciones ya resueltas. Pero el Tribunal Supremo de Estados Unidos no adoptó la propuesta enmienda, que de haberse aprobado, habría alterado la doctrina imperante. Véase Moore, *op. cit.* Vol. 6, Cum. Supp. 1960, págs. 335 a 340; 907. Barron y Holtzoff, *op cit.* págs. 433–438.

registro de la sentencia u orden. Ello obedeció sin duda alguna al hecho de que nuestra regla fijó dicho término máximo para pedir un remedio bajo la misma. Resolviéndose en este recurso que el período de seis meses no limita una solicitud bajo esta regla para que se releve de los efectos de una sentencia por fraude al tribunal, la limitación de dicho período en la anterior disposición de la regla en torno a sentencias apeladas tampoco sería aplicable a casos como el presente, ni en aquellos otros donde no existiere límite de tiempo.

De acuerdo con los hechos alegados en la moción presentada en este caso y los que surgen de las declaraciones juradas que se transcriben en dicha moción, la resolución recurrida debe ser anulada, por las razones procesales en que pudo fundarse. Nos abstenemos de anticipar criterio y dejamos a la Sala sentenciadora el determinar si tales hechos alegados, de probarse, constituyen o no bajo las normas de derecho aplicable fraude al tribunal.

A la luz de lo dicho en nuestra Resolución de 23 de enero de 1959 sobre la confirmación de la sentencia haciendo mención de la Regla 49.2 de Procedimiento Civil, y para obviar trámites innecesarios, se dispone al devolverse el caso que si al conocer del asunto en los méritos la Sala sentenciadora determinare que estaría dispuesta a conceder el remedio solicitado, proceda a resolver la cuestión en definitiva como si tuviera permiso de este Tribunal. Lo expuesto no prejuzga en manera alguna los méritos del caso ni la decisión que tomaría este Tribunal en cualquier revisión que se solicitare contra lo que finalmente resolviere la Sala de instancia.

*Se anula la resolución recurrida y se devuelve el caso a la Sala de San Juan del Tribunal Superior para procedimientos posteriores con arreglo a lo dispuesto.*