MERCANTILE INVESTMENT CORPORATION, demandante y recurrente, *v.* FINANCIAL CREDIT CORPORATION, demandada y recurrida.

Número: R-66-148      Resuelto: 3 de mayo de 1967

*Baragaño, Trias, Saldaña, Harris & Francis* y *José A. Cestero*, abogados de la recurrente. La recurrida no compareció.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La Mercantile Investment Corp. interpuso ante el Tribunal Superior, Sala de San Juan, una acción contra Financial Credit Corporation, en reclamación de daños y perjuicios ocasionados por un alegado embargo ilegal de varios vehículos de motor propiedad de la demandante.

Después de contestada la demanda el caso fue señalado para juicio en nueve ocasiones, habiéndose suspendido en ocho de ellas a solicitud de la demandante unas veces, a solicitud de ambas partes en otras ocasiones y también a solicitud de la demandada.

El primer señalamiento se hizo para marzo 2 de 1962. Fue suspendido a solicitud de la demandante porque el Lcdo. Richard H. Francis, testigo principal y accionista de dicha demandante se encontraba ausente de Puerto Rico cursando estudios en la Universidad de Harvard.

Se transfirió la vista para el día 18 de junio de 1962 y por la misma razón fue suspendida a pedido de la demandante.

Se hace un tercer señalamiento para el día 5 de septiembre de 1962 y se suspende nuevamente la vista a solicitud de la demandante por el fundamento de que en dicho día el Lcdo. Francis estaría interviniendo en la negociación de un contrato colectivo de trabajo entre la Esso Standard Oil Co. y una unión obrera.

Se señala el caso para el día 19 de febrero de 1963. En esta ocasión se suspende a solicitud de la demandada por el fundamento de que su abogado el Lcdo. Juan Enrique Géigel se encontraba ausente de Puerto Rico. Se transfiere para el día 21 de mayo de 1963 y volvió a suspenderse también a solicitud de la demandada y por la misma razón de que su abogado estaba fuera de Puerto Rico.

Se señala para el día primero de abril de 1964 y se suspendió a solicitud de la demandante porque en esa fecha sus abogados estarían ocupados en la vista del caso, Civil Núm. 183-62 ante la Corte Federal.

El nuevo señalamiento es para el 15 de septiembre de 1965. Se suspende a petición de ambas partes porque el abogado de la demandada no podía comparecer ese día al juicio, ni tampoco podía comparecer un testigo esencial de la demandante. Se señala nuevamente para el día 20 de octubre de 1965 y a solicitud de ambas partes se deja sin efecto el señalamiento. Ese mismo día 20 de octubre la demandante solicitó señalamiento para la vista del caso. Fue señalado para el 15 de marzo de 1966.

En noviembre 3 de 1965 la demandada había radicado unos interrogatorios dirigidos a la demandante y en marzo 10 de 1966 solicitó dicha demandada la suspensión del caso señalado para el día 15 del mismo mes y año y además solicitó se dictara una orden para compeler a la demandante a contestar los interrogatorios.

El día 15 de marzo, fecha señalada para la vista del caso compareció ante el Tribunal la demandada y no así la demandante. Ese mismo día el Tribunal declaró sin lugar la moción de suspensión presentada por la demandada y dictó sentencia desestimando la demanda. Dice la minuta de ese día:

"A la vista de este caso comparece el Lcdo. Juan E. Géigel en representación de la parte demandada, no comparece la parte demandante ni su abogado.

"A la Moción de Suspensión radicada por la parte demandada el Tribunal la declara sin lugar. En vista de la incomparecencia de la parte demandante en el día de hoy sin haber notificado en forma alguna al Tribunal y por las innumerables suspensiones que obran en autos el Tribunal dicta Sentencia desestimando la demanda por incomparecencia y falta de interés de la parte demandante decretándose además el archivo del caso.

"Regístrese y Notifíquese."

La notificación de dicha sentencia se archivó en autos el día 28 de abril de 1966. (¹)

El día 28 de abril de 1966 la demandante radicó una moción bajo la Regla 49.2 de Procedimiento Civil solicitando se dejara sin efecto la sentencia y se le concediera término para contestar los interrogatorios servidos por la demandada.

Alegó en dicha moción la demandante que los interrogatorios servídoles eran extensos; que debido a que la demandante cesó en sus operaciones allá para el año 1961 se le hacía difícil obtener los detalles específicos que exigía la demandada, máxime cuando gran parte de la información solicitada obraba en poder de la señora Bettie Comas quien reside en Miami, Florida, desde 1963 pero que a pesar de ello la demandante ha hecho los trámites correspondientes para conseguir

---

(¹) La sentencia se dictó en corte abierta el día 15 de marzo de 1966. Consta en los autos una sentencia suscrita por el Juez en 30 de marzo de 1966, notificada en 4 de abril del mismo año y otra sentencia firmada en 4 de abril y notificada en 28 de abril de 1966.

la información estimando que dentro de unos 30 días estaría en condiciones de contestar los interrogatorios, a cuyos efectos había hecho arreglos para que la señora Comas se trasladase a Puerto Rico.

En cuanto a su incomparecencia el día 15 de marzo de 1966, fecha señalada para la vista del caso, alegó que se debió a que la demandada había solicitado la suspensión de la vista porque la demandante no había contestado los interrogatorios; que el Lcdo. Francis le había explicado a la parte demandada que próximamente tendría las respuestas al interrogatorio y que por tanto consentía a la suspensión solicitada por la demandada; que la notificación de la moción de suspensión se le hizo al Lcdo. Francis por mensajero y al firmar la notificación entendía que estaba consintiendo en la suspensión y que la comparecencia de la demandada se limitaría a solicitar la suspensión.

En su oposición a la moción bajo la Regla 49.2 la demandada niega que el Lcdo. Francis le explicara que próximamente tendría la contestación al interrogatorio y que consentía a la suspensión. Alegó además que el Lcdo. Francis, varios días después de haber tenido conocimiento de la sentencia sostuvo una conversación telefónica con el abogado de la demandada alegando que él había consentido en la suspensión y que al insistir en negarlo el abogado de la demandada, entonces el Lcdo. Francis examinó la copia de la moción de suspensión y comprobó que solamente había firmado la constancia de la notificación sin haber consentido a la suspensión; que el Lcdo. Francis le expresó que él había estado bajo la impresión de que efectivamente había consentido a la suspensión de la vista del caso; que si el abogado de la demandada hubiera tenido conocimiento del allanamiento de la demandante a la suspensión, no hubiera ocultado esa información al juez que presidía la Sala.

En 11 de mayo de 1966, el tribunal de instancia, sin celebrar una vista sobre la Moción bajo la Regla 49.2, ni oir prueba, declaró sin lugar dicha moción.

█ La extensa exposición que hemos hecho de todos los incidentes sobre señalamientos y suspensiones de la vista del caso no nos presenta el cuadro de una parte demandante carente de interés en la vista y decisión del pleito por ella incoado, ni mucho menos evidencia un deseo manifiesto de dilatar los procedimientos en perjuicio de la parte demandada.

Todas las suspensiones concedidas tanto a solicitud de una como de la otra parte o de ambas partes conjuntamente lo fueron por razones justificadas pues de otro modo, o se hubieran denegado o se hubieran impuesto las sanciones correspondientes.

Cuando el señalamiento hecho para el 20 de octubre de 1965 se deja sin efecto a solicitud de ambas partes, la demandante solicitó el mismo día un nuevo señalamiento que se hizo para el 15 de marzo de 1966. Fue la demandada la que solicitó la suspensión del caso señalado para esta última fecha por la razón de que no se le habían contestado unos interrogatorios, por cierto, bastante extensos y los cuales sirvió a la parte demandante varios años después de haber iniciado el pleito.

En verdad los hechos de este caso son muy distintos a los del caso de *Díaz* v. *Tribunal Superior*, 93 D.P.R. 79 (1966), donde revocamos una resolución ordenando la reapertura del caso. Allí los demandantes no habían comparecido en varias ocasiones sin justificación alguna y además había mediado un apercibimiento expreso en el sentido de que de no comparecer se archivaría el caso.

█ Las circunstancias que surgían del expediente del caso no eran justificación alguna para que el Tribunal se negara a dar una audiencia a la demandante sobre su moción bajo la Regla 49.2. Esta moción y su contestación establecie-

ron una controversia de hecho y el Tribunal no debió resolverla sin oir a las partes. Si la incomparecencia de la demandante se debió a que el Lcdo. Francis de buena fe estaba bajo la impresión de que él había consentido a la suspensión solicitada por la demandada aunque ésta no tuviera la misma impresión, y de que la vista del caso no se celebraría en la fecha señalada, el ejercicio de una sana discreción, aconsejaba que en bien de la justicia se dejara sin efecto la sentencia.

De todos modos, el tribunal de instancia incurrió en error al resolver la moción bajo la Regla 49.2 sin oir a la demandante. *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961).

*Se dejará sin efecto la resolución de 11 de mayo de 1966 declarando sin lugar la moción de la demandante bajo la Regla 49.2 y se devolverá el caso para ulteriores procedimientos.*