Colón Birriel, Juez Ponente
*709 TEXTO COMPLETO DE LA RESOLUCION
I
Los demandantes aquí peticionarios Francisco Rádinson Pérez, Mercedes Caraballo Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos ("los peticionarios"), solicitan la revocación de una "Orden" emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 12 de agosto de 1998, en el caso que por "Daños y Perjuicios" presentaran contra el demandado aquí recurrido Edgardo Díaz González, Et Ais ("Díaz González o el recurrido"). Mediante los fundamentos expresados por Díaz González en su escrito de oposición a la segunda moción de sentencia sumaria de los peticionarios, el foro de instancia se ratificó en su anterior "No Ha Lugar" dictaminado mediante su "Resolución y Orden" de 30 de junio de 1998, que dispuso de una primera moción presentada por los referidos peticionarios solicitando se dictara sentencia sumaria parcial.
Surge de los escritos ante nuestra consideración que el 18 de septiembre de 1998, los peticionarios y Díaz González reconocieron y suscribieron un "CONTRATO DE CONSTRUCCION" donde se denominó a los peticionarios como "Los Propietarios" y a Díaz González como "El Constructor". Mediante el referido contrato, Díaz González se obligó para con los peticionarios a construirles una edificación en su propiedad, localizada en la carretera estatal número 812, kilómetro 6.5, del Barrio Santa Olaya del término municipal de Bayamón. La cláusula "F” de las "Cláusulas y Condiciones" en el referido contrato, cláusula objeto del recurso ante nuestra consideración, se lee como sigue:

"El CONSTRUCTOR se obliga a mantener trabajando en la obra no menos de cuatro empleados, entiéndase que si en algún momento el CONSTRUCTOR no cumple con esta cláusula, el PROPIETARIO podrá- escindir el Contrato y el CONSTRUCTOR será responsable de todos los daños que le cause a los PROPIETARIOS".

Por alegadamente Díaz González incumplir su obligación contraída a virtud de la cláusula F del contrato, supra; por haber el co-demandado, Samuel González incumplido con su obligación como contratista independiente en el contrato, y por haber el otro co-demandado, ingeniero Eduardo Méndez Monge incumplido con su obligación como supervisor e inspector de la obra objeto del contrato, los peticionarios presentaron contra éstos demanda sobre daños y perjuicios, demanda que posteriormente fue objeto de enmiendas a los fines de traer nuevos co-demandados y nuevas causas de acción.
Tras otra serie de incidentes y a raíz de las contestaciones de Díaz González a un interrogatorio enviado por los peticionarios, éstos solicitaron se dictare sentencia sumaria parcial y se determinare que Díaz González incumplió con el contrato de construcción suscrito con ellos.
*710 Por su parte, Díaz González replicó a la sentencia sumaria de los peticionarios. Alegó, que era indispensable que se escuchara prueba en una vista en su fondo y tener de ese modo la oportunidad y el beneficio de evaluar los diferentes planteamientos para así poder determinar cuál fue la intención de las partes al hacer el contrato y entonces poder definir si la cláusula "F", objeto de la controversia, era principal o accesoria y si el incumplimiento involuntario de esa cláusula por parte de Díaz González había afectado la cláusula principal relativa a la fecha de la terminación de la edificación. Estudiados los escritos, mediante "Resolución y Orden " de 30 de junio de 1998, archivada en los autos copia de su notificación el 3 de julio de ese año, se declaró "No Ha Lugar" la sentencia sumaria parcial solicitada por los peticionarios. Entendió el foro de instancia que existían hechos esenciales en controversia relativos al alegado incumplimiento de Díaz González, a la intención de las partes y demás circunstancias que rodearon el alegado incumplimiento, por lo cual ordenó la continuación de los procedimientos.
Así las cosas, los peticionarios entendieron necesario presentar, como en efecto presentaron, una "Segunda Moción Solicitando Se Dicte Sentencia Sumaria Parcial", por alegadamente haber cometido el error de "que dentro del escrito hacíamos referencia al incumplimiento de la cláusula "F" del contrato de construcción suscrito por las partes, y en la súplica le solicitábamos a ese Honorable Tribunal que declarara y/o determinara que el co-demandado Edgardo Díaz González incumplió con el referido contrato. Obviamente le pedíamos al Tribunal de Instancia que dictara sentencia sumaria parcial con relación a todo el contrato de construcción que las partes suscribieron". Entendieron, pues, que el foro de instancia resolvió conforme a derecho porque dentro del contrato existían otras cláusulas, las cuales todavía se encontraban en controversia en el litigio, no así la cláusula "F".
En esta segunda moción los peticionarios se circunscribieron única y exclusivamente a solicitar que se determinara que Díaz González incumplió con la cláusula "F” del contrato. Por su parte, Díaz González se opuso a la segunda moción de los peticionarios, alegando, entre otras, que lo que éstos pretendían, en síntesis, era que instancia realizara las mismas determinaciones que habían solicitado en su primera solicitud de sentencia sumaria parcial. En el apartado cinco (5) de su moción Díaz González alegó y citamos:
"5. Si este Honorable Tribunal examina detenidamente la segunda solicitud de sentencia sumaria parcial podrá percibir que la cláusula por la cual la parte demandante reconvenida presenta su solicitud de sentencia sumaria parcial es la misma que utilizó en la moción del 8 de junio de 1998 y por la cual este Honorable Tribunal determinó existe controversia sobre el alegado incumplimiento, así como una interpretación de la cláusula y la intención de las partes al momento de la contratación. Dicha prueba es indispensable sea analizada mediante el testimonio de todas las partes para poder determinar el contexto en que la misma fue suscrita, así como la validez e importancia en la ejecución de las obras. Sin lugar a dudas, en el caso de epígrafe existen grandes controversias sobre la intención. de las partes y el contrato suscrito entre ellos, por lo que no debe recurrir al mecanismo sumario solicitado por la parte demandante. Una vez reciba prueba al efecto y se determine qué hechos rodearon la realización y ejecución del contrato podrá determinar si realmente existió un incumplimiento de contrato y si dicho incumplimiento, de existido, conlleva lo solicitado por la parte demandante reconvenida".
Así las cosas, se emitió la "Orden" de 12 de agosto de 1998, reafirmándose el foro de instancia en el "No Ha Lugar" emitido en la primera solicitud de sentencia sumaria de los peticionarios. Inconforme, éstos recurren imputándole al foro de instancia haber errado al declarar no ha lugar su solicitud de sentencia sumaria la que era procedente en derecho. Resolvemos. Veamos.
La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, autoriza a un tribunal a dictar sentencia sumaria en un caso, cuando de los documentos y declaraciones sometidos en apoyo a la moción quedaré demostrado que no existe controversia real sustancial en cuanto a ningún hecho material y que sólo resta aplicar el derecho. La sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. Guerrido García v. Universidad Central de Bayamón, _ D.P.R. _ (1997), 97 J.T.S. 79, a la pág. 1104; P.F.Z. Properties Inc. v. General Accident Insurance Co., _ D.P.R. _ (1994), 94 J.T.S. 116, a la pág. 125; Consejo de Titulares del Condominio Parkside, etc. v. MGIC Financial Corporation, _ D.P.R. _ (1991), 91 J.T.S. 54; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 279-280 (1990); Corp. of Presiding Bishop CJC of LDS v. Purcell, 117 *711 D.P.R. 714, 720-721 (1986); Nassar Rizek v. Salvador O. Hernández, 123 D.P.R. 360 (1989).
El fin de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias de hechos, sino que lo que resta es aplicar el derecho. Caquías Mendoza v. Asociación Residentes Mansiones de Río Piedras, 135 D.P.R. _ (1993), 93 J.T.S. 127; Cuadrado Lugo v. Santiago Rodríguez, supra.
No obstante, el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Por tanto, si existen dudas sobre la existencia de una controversia de hechos éstas deben resolverse en contra de la parte que solicita la sentencia sumaria. Bonilla Medina v. Partido Nuevo Progresista, _ D.P.R. _ (1996), 96 J.T.S. 33, a la pág. 790; PFZ Properties, Inc. v. General Accident Insurance Company, P.R. Ltd., supra. El procedimiento sumario no permite que el tribunal dirima cuestiones de credibilidad. Col. de Ingenieros v. Agrimensores de P.R. y A.A.A., _ D.P.R. _ (1992), 92 J.T.S. 137, a la pág. 10025.
El mecanismo de sentencia sumaria es un remedio útil que se concede sólo cuando el tribunal tiene ante sí de manera incontrovertible la verdad sobre todos los hechos esenciales. Cuando de las alegaciones, deposiciones y admisiones, junto con las declaraciones juradas -si las hubiere- u otros documentos pertinentes surge que existe una controversia bona fide de hechos, no procede una sentencia sumaria. De haber duda en cuanto a la existencia de una controversia real, la misma debe resolverse en contra de la parte que la solicita. Rodríguez Meléndez v. Sup. Amigo, Inc., 126 D.P.R. 117, 134 (1990).
Presentada una moción de sentencia sumaria por la parte contra quien se reclama, oponiéndose a la misma la parte reclamante, mientras los hechos estén controvertidos, a un tribunal sentenciador no le es permisible —distinto a cuando se sustancian en juicio oral dichos hechos— bajo la Regla 36 de Procedimiento Civil dirimir conflictos sobre esos hechos, ni puede dicho tribunal pesarlos o evaluarlos a no ser para el fin de determinar si hay o no una genuina controversia sobre los mismos, pero no podrá adjudicar ahí entonces tal controversia, de haberla. García López v. Méndez García, 83 D.P.R. 363, 379-381 (1963).
Aunque la Regla 36, supra, no queda excluida como cuestión de derecho de ningún procedimiento en particular de los que se rigen por las Reglas de Procedimiento Civil, un tribunal no debe dictar una sentencia sumaria donde hay elementos subjetivos envueltos y de intención y propósitos mentales, donde el factor de credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo. García López v. Méndez García, supra', Casto Soto v. Hotel Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128, a la página 311.
Para derrotar una moción de sentencia sumaria, la parte promovida deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. Sin embargo, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. Rivera Santana v. Superior Packing, 133 D.P.R. _, 92 J.T.S. 165, a la pág. 10165; Consejo de Titulares del Condominio Parkside v. MGIC, supra; Cuadrado Lugo, supra, pág. 7702; Corp. Presiding Bishop, supra, pág. 721; Flores v. Municipio, 114 D.P.R. 521 (1983); PFZ Properties, Inc. v. General Accident, supra.
Por otro lado, al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal, Medina Morales v. Merck, Sharp & Dhome, 136 D.P.R. _ (1994), 94 J.T.S. 52, a la pág. 11786; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido refutadas en forma alguna por los documentos. Sin embargo, el tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho, no procede. Corp. Presiding Bishop, supra, pág. 7702; PFZ Properties, Inc. v. General Accident, supra.
*712 En Marcial Burgos v. Tomé, _ D.P.R. _ (1997), 97 J.T.S. 146, a la pág. 381, nuestro Tribunal Supremo expresó, en lo pertinente, que:
"En nuestra jurisdicción rige la teoría de la subjetividad en la interpretación de los contratos, teoría que entraña el indagar cuál jue la voluntad de las partes con el propósito de que ésta prevalezca. Unisys v. Ramallo Brothers, 128 D.P.R. 842 (1991); Ramírez, Segal & Látimer v. Rojo Rigual, 123 D.P.R. 161, 173 (1989). Aunque la interpretación de los contratos deba partirse de la expresión contenida en sus palabras, el juzgador no puede detenerse en el sentido literal de las mismas, sino que debe indagar fundamentalmente la intención de las partes y el espíritu y finalidad que hayan perseguido éstas con el negocio, infiriéndose de la total conducta de los interesados y las circunstancias concurrentes que puedan contribuir a la acertada investigación de la voluntad de los otorgantes. Coop. La Sagrada Familia v. Castillo, 107 D.P.R. 405, 417 (1978); véanse, Marina Ind., Inc. v. Brown Boveri Corp., 114 D.P.R. 64, 69-70 (1983); Merle v. West Bend Co., 97 D.P.R. 403, 409-410 (1969)."
Para juzgar la intención de los contratantes deberán examinarse todas las circunstancias indicativas de la voluntad de las partes. Deben atenderse principalmente los actos de los contratantes anteriores, coetáneos y posteriores al otorgamiento del contrato. Código Civil, Art. 1234, 31 L.P.R.A. sec. 3472 (1990). Anteriormente hemos expresado que es necesario tomar en consideración además, la ocasión, las circunstancias, las personas y el acuerdo que se intentó llevar a cabo. Ramírez, Segal & Látimer v. Rojo Rigual, 123 D.P.R. a la pág. 174.
Según dispuesto en los artículos 1233 y 1234 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3471 y 3472, los tribunales deben observar la intención de las partes, ateniéndose en primer lugar al sentido literal de los términos del contrato suscrito por éstos. Unisys v. Ramallo, a la pág. 8853.
En García López v. Méndez García, supra, a la pág. 380, nuestro Tribunal Supremo señaló que hay litigios y controversias que por su naturaleza no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el tribunal puede reunir ante sí toda la verdad de los hechos a través de "affidavits" o deposiciones. Se señaló, además, en dicho caso, que un tribunal no debe dictar una sentencia sumaria donde hay elementos subjetivos envueltos y de intención y propósitos mentales, donde el factor de credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo. El caso que nos ocupa es un ejemplo de lo anterior.
Con relación a la cláusula "F" del contrato surge de las contestaciones a las preguntas 36, 37 y 38 del primer interrogatorio que le fuera cursado a Díaz González lo siguiente:

"Pregunta Núm. 36: ¿Diga si cumplió siempre con la cláusula F del contrato?

Contestación: Mientras jue posible por mi parte, traté de mantener todos los empleados según el contrato.

Pregunta Núm. 37: De negar que violó dicha cláusula, haga una relación, expresando el nombre, dirección y número de seguro social de todos y cada uno de los empleados que tuvo trabajando en la obra desde que la inició hasta el 22 de enero de 1995.

Contestación: "Véase contestaciones anteriores. No niego que en ocasiones hayan habido menos de cuatro (4) empleados. Como señalé anteriormente siempre que era posible trataba de mantener una cantidad de empleados razonables que mantuvieran la obra en movimiento.

Pregunta Núm. 38: ¿Diga si en algún momento dado en la obra no tenía los empleados que requería dicho inciso F?

Contestación: Sí."

Posteriormente Díaz González suministró una contestación enmendada a la pregunta Núm. 37, la cual fue objetada por los peticionarios. La contestación enmendada se lee como sigue:

*713
"Contestación: Hubo ocasiones en que no tuve los empleados señalados en la cláusula F. Las razones para no tenerlos fueron distintas tales como enfermedad, motivos personales, diferentes compromisos, etc."

En el caso ante nuestra consideración, no existe controversia respecto a la existencia y contenido del contrato, reconocido y suscrito por Díaz González y los peticionarios el 18 de octubre de 1994. Sin embargo, sí existe controversia con respecto a la cláusula "F" relativa a los empleados que Díaz González tenía que tener trabajando en la construcción de la edificación, cuya interpretación corresponde a los tribunales mediante la adjudicación por el juzgador. Marina v. Brown, 114 D.P.R. 64, 70 (1983). Por ello el Tribunal de Primera Instancia no tenía ante sí los elementos necesarios para considerar y resolver la moción sobre sentencia sumaria parcial presentada por los peticionarios. Como se ha señalado, el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Si existen dudas sobre la existencia de una controversia de hechos éstas deben resolverse en contra de la parte que solicita la sentencia sumaria.
A base del estudio de los documentos y de lo antes expuesto, determinamos que existen interrogantes, en cuanto á la intención de las partes al redactar la cláusula ”F' del contrato objeto de la controversia, así como las razones ofrecidas por Díaz González para no haber cumplido con la misma. Estas interrogantes no pueden ser adjudicadas sumariamente; procede remitirlas a una vista evidenciaría para su depuración en unión al resto de las otras cláusulas del contrato.
Por lo tanto, resolvemos que actuó correctamente el foro de instancia al declarar no ha lugar la solicitud de sentencia sumaria parcial presentada por los peticionarios.
En mérito a lo expuesto, denegamos la expedición del auto solicitado y se confirma la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón de 12 de agosto de 1998, mediante la cual declaró no ha lugar la sentencia sumaria parcial de los peticionarios. Se devolverá el caso a dicho foro para la continuación de los procedimientos.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General